LAMBERT SCHOUTEN, Respondent, *v.* JOHN R. ALPINE, as President of the UNITED ASSOCIATION JOURNEYMEN PLUMBERS, GAS FITTERS, STEAM FITTERS AND STEAM FITTERS' HELPERS OF THE UNITED STATES AND CANADA, Appellant.

Associations — labor unions — United Association not liable, in absence of bad faith, for erroneous disposition of appeal — action not maintainable under section 1919 of Code of Civil Procedure unless maintainable against all members of association — constitution and by-laws construed — penalties.

1. The members of the executive board of an association consisting of a large number of local unions are not, nor is the association which they represent, liable, in the absence of bad faith, for an erroneous decision by that board upon the appeal of a member from the action of a local union.

2. The plaintiff having been expelled from a local labor union appealed to the executive board of the United Association which confirmed the action of the local union. He thereupon brought this action, under section 1919 of the Code of Civil Procedure, to recover damages. *Held*, that the action cannot be maintained in its present form, it being essential to a right of recovery under that section that the cause of action be one which might be maintained against all of the members of the United Association.

3. Provisions of the by-laws of the United Association and of the constitution of the local union construed, and *held*, that the local's right to determine the penalty imposed upon the plaintiff was con-

ferred upon and was not limited by the constitution and by-laws, in case of an offense such as that with which the plaintiff was charged.

*Schouten* v. *Alpine*, 155 App. Div. 922, reversed.

(Argued April 26, 1915; decided June 1, 1915.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the second judicial department, entered March 10, 1913, modifying and affirming as modified a judgment in favor of plaintiff entered upon a verdict.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Frank L. Mulholland* and *William L. McQuaid* for appellant. The United Association of Journeymen Plumbers is not liable in this action by reason of the action or procedure of its executive board in approving the expulsion of Schouten, and the imposition of a new initiation fee of $100 on him by local No. 498, because the executive board of the United Association acted in good faith and strictly in accordance with the procedure provided by the constitution and laws of the United Association in considering and deciding Schouten's appeal. (*Lafond* v. *Deems*, 81 N. Y. 507; *Lewis* v. *Wilson*, 121 N. Y. 284; *Baxter* v. *McDonnell*, 155 N. Y. 83; *Stein* v. *Marks*, 89 N. Y. Supp. 921; *Krause* v. *Sanders*, 122 N. Y. Supp. 54; *Froelich* v. *M. M. B. Assn.*, 93 Mo. App. 383; *Engel* v. *Walsh*, 258 Ill. 98; *Pitcher* v. *Bd. of Trade*, 20 Ill. App. 319; *Nat. League* v. *Hornung*, 132 N. Y. Supp. 871; *People* v. *Old Guard*, 84 N. Y. Supp. 766.) There is no evidence in this record that the members of the United Association of Journeymen Plumbers, appellant herein, are jointly and severally liable for the cause of action alleged in the complaint within the terms of section 1919 of the Code of Civil Procedure of New York, on which this action is based. (*Lightburn* v.

*Walsh,* 97 App. Div. 187; *Hadley* v. *Baxendale,* 9 Exch. 341; *Baldwin* v. *U. S. Tel. Co.,* 45 N. Y. 744; *Ward* v. *N. Y. C. R. R.,* 47 N. Y. 29; *Devlin* v. *Mayor, etc.,* 63 N. Y. 8; Wigmore on Evidence, § 361; *Coleman* v. *Southwick,* 9 Johns. 45; *State* v. *Fox,* 25 N. J. Law, 566; *Tilt* v. *Parsons,* 2 C. & P. 202; *Walker* v. *Meetze,* 2 Rich [S. C.], 570.)

*Amy Wren* for respondent. The defendant association, by ratifying the acts of the local, became responsible as a principal for the tortious acts of the local, its agent. (*Mansha* v. *Royal Benefit Society,* 21 Misc. Rep. 474; *Mott* v. *Consumers' Ice Co.,* 73 N. Y. 547; *Weed* v. *Panama R. R. Co.,* 17 N. Y. 362; *Flechner* v. *U. S. Bank,* 8 Wheat. 363; *Peterson* v. *City of New York,* 17 N. Y. 449; *Caines* v. *Bleecker,* 12 Johns. 300; *Vianna* v. *Barclay,* 3 Cow. 281.)

HOGAN, J. The United Association Journeymen Plumbers, Gas Fitters, Steam Fitters and Steam Fitters' Helpers of the United States and Canada, is an unincorporated association with a membership of about thirty thousand. Under its constitution and by-laws it is vested with power to establish local unions throughout the United States and Canada, and to decide all matters pertaining to the jurisdiction of the affiliated local unions. The officers of the United Association consist of a president, ten vice-presidents who constitute an executive board, secretary-treasurer and three general organizers. Local unions are empowered to make all necessary laws and agreements for local government not in conflict with the laws of the United Association.

The plaintiff, a journeyman plumber, was a member of Local Union 498 of the city of New York, and was expelled from the local in August, 1908, and a penalty of one hundred dollars as a new initiation fee imposed upon him. From the action of the local union he

appealed to the executive board of the United Association, and in due time the latter body, upon such appeal, confirmed the action taken by the local union. The plaintiff thereupon began this action against the United Association, alleging that he was illegally expelled from membership; that he was not served with written charges or given notice of or an opportunity to be heard; that the expulsion and penalty imposed were in violation of the constitution and by-laws of the local, and confirmation of the action of the local union by the United Association was illegal and contrary to justice.

The trial justice submitted to the jury in various forms the question as to whether the plaintiff was given a trial in accordance with the rules and by-laws of the labor union to which he called attention in his charge, and charged that the only theory upon which the plaintiff could recover was that he was not given a fair trial and was not given an opportunity to put in his defense.

The trial justice further charged: "So far as the liability of the National body for the acts or omissions of the local body is concerned, that is a question of law which you do not need to bother your heads about. The question I am submitting to you is, was the action of the local body lawful, was it in accordance with their constitution ? "

Counsel for the defendant requested the court to charge that Local 498 in expelling the plaintiff was not acting as the agent of the United Association. The court declined and exception was taken.

The justice was requested by defendant to charge that there was no evidence in the case that the members of the United Association were jointly liable for the alleged cause of action. The court stated he thought that was a legal question to come after the verdict, to which ruling an exception was also taken.

Counsel further requested the court to charge the jury that the members of the United Association were not

bound by the acts of their executive board in confirming the appeal in this case, which the court declined to do other than as already charged.

The jury rendered a verdict in favor of the plaintiff for thirty-five hundred dollars, which was reduced one hundred and fifty dollars by the Appellate Division.

It is unnecessary to refer to the conflict of evidence between the parties relating to the proceedings in the local union. For the purposes of this appeal, it may be assumed that the plaintiff was entitled to written notice of charges against him, an opportunity to defend himself against the same and to have a fair trial as provided in the constitution and by-laws of the local union, and, in view of the verdict of the jury, that such was not properly afforded him. The important question arises as to the liability of the United Association to plaintiff for damages in this case. The subject of appeal is covered by a few sections of the constitution and by-laws of the United Association.

Section 67 provides: " An expelled member shall have the right to appeal from the action of the Local when expelled for any cause, except for non-payment of dues, provided such appeal is filed within thirty days from notice of expulsion."

Section 68 reads: " An expelled member, except such member as was expelled for non-payment of dues, cannot be reinstated by any Local Union without the consent of the Executive Board."

By section 115 it is provided that no local union of the United Association shall impose a fine of more than twenty-five dollars upon any member of the United Association without making application to the United Association as therein provided.

August 14th, 1908, plaintiff addressed a communication to the general executive board of the United Association at Chicago, Illinois, calling attention to his expulsion and the penalty imposed upon him, and the facts

from his standpoint which, so far as material, stated that he was told by the executive board that he was not on trial, but they just wanted to ask some questions, but that on the meeting night the findings of the board were read calling for his expulsion and the imposition of the penalty of one hundred dollars, and claiming that the fine was unjust and illegal.

On August 20th plaintiff's letter was acknowledged by the general president of the United Association, and the reply suggested that the local and other interested parties could dispose of the matter through the channels of the local, but that if plaintiff was determined to submit the matter to the executive board there was nothing for him to do but to comply with plaintiff's wishes, and that he would communicate with the officials of the local in order to enable them to present their views in case it could not be disposed of locally.

August 22d, 1908, plaintiff wrote to the United Association, acknowledging the receipt of the letter of the 20th, expressing regret that he was compelled to bother the general executive board of the United Association, but that there was no other course for him to pursue, and asked that the letter should be placed before the general executive board.

On August 20th, 1908, the secretary of the local communicated with the president of the United Association, and reported the expulsion of plaintiff and that the local had placed a new initiation fee of one hundred dollars upon him, for proceeding in working upon a job after the same had been declared unfair both by the conference board and the local, and further stated that the plaintiff had appeared before the executive board, and the latter body after a hearing made the recommendation as stated; that upon the report and recommendation being considered at a meeting of the local it was decided to make the matter a special order of business; that plaintiff presented his defense upon the floor of the local, after which the local

unanimously decided to adopt the recommendations of the executive board.

November 16th, 1908, the secretary-treasurer of the United Association addressed a communication to the plaintiff notifying him that the general executive board of the United had approved the action of the local union in placing a fine upon him for working detrimental to the best interests of their local union.

I have called attention to these communications to indicate the nature of the record presented to and considered by the executive board of the United Association upon the appeal by plaintiff to that body.

It was only by affirmative action of the plaintiff that the matter could be brought to the attention of the executive board of the United Association, as the constitution and by-laws of the local did not contain provision for such appeal. When plaintiff petitioned the United Association to review the action of the local union it must be assumed that he appreciated the fact that such review would involve a consideration of the proceedings of the local union as well as the statement made by him. He had no right to assume that the United Association would act on his statement alone.

The executive board of the United Association had before it for review a record of the proceedings of the local union and the statement of plaintiff when it passed upon the appeal taken by plaintiff. It is not alleged in this case that the members of the executive board of the United Association individually, or as representing that association, were guilty of any fraud, misconduct or bad faith in the performance of the duty imposed upon them by plaintiff's appeal. Assuming, for the purposes of argument, that the executive board of the United Association made an erroneous decision, in the absence of bad faith, the members of that body or the association which they represent cannot be held liable in damages by reason of such a determination induced by the appeal of a mem-

ber. The ostensible object of such organization was a lawful one and has been so declared by the court. (*National Protective Association* v. *Cumming*, 170 N. Y. 315.)

This action is sought to be maintained under section 1919 of the Code of Civil Procedure. The provisions of this section, however, in an action against an unincorporated association are limited to a cause of action for which the plaintiff might maintain an action against all the associates by reason of their liability therefor either jointly or severally, and in the event of a recovery satisfaction is to be made under subsequent provisions of the Code out of personal property belonging to the association, or owned jointly, or in common, by all the members thereof. It is essential, therefore, to a right of recovery in such a case that the cause of action was one for which an action might be maintained against the thirty thousand members of the United Association, and for this reason we do not agree that this action is maintainable in its present form. (*McCabe* v. *Goodfellow*, 133 N. Y. 89.)

As to the action of the United Association approving the imposition of a penalty of one hundred dollars in the nature of a new initiation fee upon the plaintiff, while it is true that section 115 of the by-laws of the United Association contains an inhibition against a local union imposing a fine of more than twenty-five dollars upon any member without the consent of the United Association, we do not construe that section to be applicable to the case at bar. Under the constitution of the local union provision is made for the imposition of fines by sections 15, 50, 72, which fines are limited in the several sections, except as provided by sections 15 and 69, to such amounts as may be fixed in the several cases therein specified.

By section 54 provision is made: " Any member refusing *to obey the orders of the Local Union as conveyed by the Delegates* shall, upon conviction, after a trial before the Executive Board, forfeit his membership *and be sub-*

*ject to such penalty as the Local Union may impose for said offense.*" The plaintiff herein, according to the report made by the local to the United Association, was expelled and penalized for working upon a job after the same had been declared unfair both by the conference board and the local, and, as asserted by it, after notice thereon had been given plaintiff. The local's right to determine the penalty was conferred upon, and was not limited by the constitution and by-laws in a case within section 54 above quoted.

· The conclusion that the United Association is not liable in this case renders unnecessary a consideration of the exceptions taken by counsel for the defendant to the charge of the court.

The judgment of the Appellate Division should be reversed and a new trial granted, costs to abide the event.

HISCOCK, COLLIN, CUDDEBACK, CARDOZO and SEABURY, JJ., concur; WILLARD BARTLETT, Ch. J., absent.

Judgment reversed, etc.