### UNITED STATES & CUBAN ALLIED WORKS ENGINEERING CORPORA-TION v. LLOYDS.

(District Court, S. D. New York. March 20, 1923.)

1. **Courts ⊚⟹259—State law cannot confer personal jurisdiction on federal court.**

   No state law can confer personal jurisdiction on federal court, and unless nonresident defendants have in some way subjected themselves voluntarily to such jurisdiction they are exempt.

2. **Associations ⊚⟹20(2)—Syndicate of nonresident underwriters not suable by suing alleged treasurer.**

   Syndicate of nonresident underwriters, each of whom contracts individually, which syndicate the state has made no effort to license, cannot be sued by serving a corporation which exercises general supervision over the underwriters on theory that it is their treasurer, under General Associations Law, N. Y. § 13, permitting suits against associations by suing treasurer.

3. **Aliens ⊚⟹4—Discrimination by reason of alienage not permitted by treaty.**

   The Treaties with Great Britain of 1815 and 1827, providing that merchants and traders of each nation shall enjoy complete protection and security for their commerce, subject to laws and statutes of the two countries, do not include laws and statutes subjecting them to discrimination by reason of their alienage.

4. **Treaties ⊚⟹11—State held precluded from excluding transaction of business by British subjects.**

   The Treaties with Great Britain of 1815 and 1827 override state statutes to the contrary, and thereunder individual British underwriters could not be excluded by the state of New York from transacting business therein with her citizens.

5. **Associations ⊚⟹20(2)—Not suable unless liability is that of all members.**

   Under General Associations Law, N. Y. § 13, authorizing action against president or treasurer of unincorporated association of seven or more persons on any cause of action which might be maintained against all the

---

⊚⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

associates by reason of their interest in, or ownership or claim of ownership of, property, the action will not lie unless the liability, though several as well as joint, is a liability of all members.

At Law. Action by the United States & Cuban Allied Works Engineering Corporation against Lloyds, a corporation, as treasurer, etc. On motion to quash service. Service quashed.

Motion to quash the service of a writ of summons issuing out of this court. The writ was served on one Fowler, the local agent of Lloyds, a British corporation doing business in this state. The complaint was upon a policy of insurance underwritten by 13 "Underwriters Syndicates" operating at the Royal Exchange in London, each syndicate consisting of more than 7 members, and all the members being members of the corporation. The liability is against each one of the underwriters for a specific sum, and the corporation is not an underwriter.

The corporation, Lloyds, has a general supervision over its members, collects all premiums, keeps them till all losses are closed, and requires cross-guaranties from other members and deposits to insure their financial solvency. It does not pay the losses and has no responsibility of any kind, except to account to the syndicate for moneys received.

The members, all British subjects, operate in "syndicates" of varying numbers whose policies are underwritten for them by agents, sometimes, but not always, themselves members of the syndicate. All policies are underwritten in London.

The plaintiff, which is a Delaware corporation, argues that the corporation is the treasurer of each syndicate, and that each syndicate is an unincorporated association. Thus it says that under section 13 of the General Associations Law of New York (Consol. Laws, c. 29, as amended by Laws 1920, c. 915), service upon the corporation through its agent is a good service against all the underwriters in any one syndicate.

Herbert Barry, of New York City, for the motion.
Joseph T. Weed and Francis R. Holmes, both of New York City, opposed.

LEARNED HAND, District Judge (after stating the facts as above). I shall not consider most of the objections raised by the defendant, because I regard one as fatal, i. e. that no jurisdiction can be acquired in personam over any of the individuals making up any one of the syndicates. The effort is a new one, contrary to the uniform understanding of the profession, which has always assumed that the conventional Lloyds policy was not suable in this country. The fact that for many years such underwriters have issued policies in this form and no one has ever undertaken to bring them to the bar of an American court is of itself some reason to suppose that it has been accepted as impossible.

[1] No law of the state of New York can confer personal jurisdiction upon this court (Riverside Mills v. Menefee, 237 U. S. 189, 35 Sup. Ct. 579, 59 L. Ed. 910), and unless the underwriters, not being present, have in some way subjected themselves voluntarily to that jurisdiction, they are exempt. A very similar case arose in Flexner v. Farson, 248 U. S. 289, 39 Sup. Ct. 97, 63 L. Ed. 250. There, Washington Flexner, apparently not the plaintiff, was the agent of the defendants in Kentucky and was served with a writ out of the courts of that state under a statute permitting such service if the defendants

did business therein.   Judgment was taken on which action was later brought in the state courts of Illinois.   These held the judgment void for lack of jurisdiction, and the case went to the Supreme Court under the full faith and credit clause.   There the judgment was affirmed and it was noted that the analogy relied on, i. e. that of corporations doing business in a foreign state, depended upon the right of the state to exclude them.   As the state had no such power in the case of individuals, the analogy broke down.

[2-4] Unincorporated associations of the kind here in question which must, of course, be distinguished from joint-stock associations formally organized under article 2 of the General Associations Law, are at best no more than partnerships; indeed, in the case at bar these syndicates are presumably not even that.   The state of New York has made no effort to license them and, so far as regards citizens of the United States, could not exclude them from doing business within her borders.   Nor is she in any stronger position because the members of the syndicates are British subjects.   Article 1 of the Treaty of 1815 with Great Britain (8 Stat. 228; Malloy, vol. 1, p. 624), as extended indefinitely by that of 1827 (8 Stat. 360; Malloy, vol. 1, p. 645), provides that between the two powers there shall be "a reciprocal liberty of commerce"; that the inhabitants of either "shall have liberty freely and securely to come with their ships and cargoes to all such places   *   *   * to which other foreigners are permitted to come, to enter into the same, and to remain and reside in any parts of the said territories,   *   *   * and, generally, the merchants and traders of each nation, respectively, shall enjoy the most complete protection and security for their commerce, but subject always to the laws and statutes of the two countries."   The last words do not, of course, include "laws and statutes" subjecting them to discrimination by reason of their alienage, and the treaty necessarily overrides any state statute to the contrary.   Geofroy v. Riggs, 133 U. S. 258, 10 Sup. Ct. 295, 33 L. Ed. 642; Yick Wo v. Hopkins, 118 U. S. 356, 6 Sup. Ct. 1064, 30 L. Ed. 220; Truax v. Raich, 239 U. S. 33, 36 Sup. Ct. 7, 60 L. Ed. 131, L. R. A. 1916D, 545, Ann. Cas. 1917B, 283.   These aliens could neither be excluded from entry into the state of New York, nor from transacting business with her citizens.

I do not mean that section 13 of the General Associations Law should be read as attempting so to extend the jurisdiction over persons not within the boundaries of the state.   Yet if the argument be that it should be thus extended and there be no escape from such a construction, it is void pro tanto.   That will be a valid reason for not so reading it.

The plaintiff cites United Mine Workers v. Coronado Coal Co., 259 U. S. 344, 42 Sup. Ct. 570, 66 L. Ed. 975.   In that case the court affirmed the jurisdiction of the District Court over a trade union of some 450,000 members, in the United States and Canada.   Over some of the members, the officers of a number of the locals, and the officers of the Union, jurisdiction had been got in usual form, and it was held that this brought in the association as a whole.   The decision did not effect a general change in the status of such associations; rather, it turned

upon the character of a trade union as such, especially because of its repeated recognition in statutes of the United States as an entity. It is to be read as applicable only to such cases.

Moreover, in that case some of the members had been served, and personal judgment could have been got against them in any event. The action sounding in tort, it was not necessary to join all the joint tort-feasors. Atlantic & Pac. Co. v. Laird, 164 U. S. 393, 17 Sup. Ct. 120, 41 L. Ed. 485. It nowhere appears that the Supreme Court supposed that judgment could have been entered against those members who were outside the jurisdiction, and I venture to believe that it could not. The court was interested in whether the union funds could be reached on execution, and that was all.

[5] The case at bar sounds in contract and there is no joint debt: If there were and one joint debtor were served, a judgment might go against the joint funds (Civil Practice Act, §§ 1197–1199), though not against the debtors not sued. But in the case of a series of several debts like these, there can be no service except on the theory of the several representation of each underwriter by the British corporation. Fish v. Vanderlip, 218 N. Y. 29, 112 N. E. 425, Ann. Cas. 1916E, 150. Indeed, even section 13 of the General Associations Law does not cover any such action. While the liability may be several as well as joint, execution is to be levied only on joint or common property. Unless it be a liability of all, action will not lie. Schouten v. Alpine, 215 N. Y. 225, 232, 109 N. E. 244; McCabe v. Goodfellow, 133 N. Y. 89, 30 N. E. 728, 17 L. R. A. 204.

Service of the writ quashed.