TOBIAS KAHANE, Appellant, *v.* EDWIN T. MURDOCH, Respondent.

First Department, December 17, 1926.

Libel and slander — pleadings — action based on affidavit by defendant, attorney at law, made in action by plaintiff against client of defendant — affidavit stated in effect that plaintiff forged orders — allegation in complaint that defendant in statement intended to charge plaintiff with forgery was properly pleaded — allegations of actual malice, and knowledge that statements were false were proper to destroy defendant's privilege as attorney — allegation that affidavit was stricken from files in prior action was improper.

This is an action to recover damages for alleged libelous statements made by the defendant, an attorney at law, in an affidavit in an action brought by the plaintiff

herein against a client of the defendant. The affidavit contained the statement: " I am further informed and believe that in certain cases, plaintiff went so far as to alter or forge orders after they had been given, so as to thereby increase the size of the orders." The court should not have stricken from the complaint an innuendo charging that the defendant in using the words quoted intended to charge " that plaintiff had committed and was guilty of the crime of forgery in the second degree, as defined in and by the Penal Law of the State of New York," for that statement in the complaint is a legitimate innuendo from the charge itself.

It was improper for the court to strike out allegations of actual malice against the plaintiff, for such allegations will, if true, destroy defendant's privilege as an attorney in case the statements in the affidavit were pertinent to the proceeding.

Allegations in the complaint that the defamatory matter was not pertinent or germane to the subject-matter of the action then before the court and was known to be false were proper and should not have been stricken out, for such allegations, if true, would destroy the privilege of the defendant as an attorney at law.

The court properly struck from the complaint the allegation that the affidavit forming the basis of this action was stricken out by the court in the prior action on the ground that it was scandalous.

APPEAL by the plaintiff, Tobias Kahane, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 27th day of May, 1926, granting defendant's motion to strike out certain matters from plaintiff's amended complaint.

*Leon Kauffman* of counsel, for the appellant.

*Edwin T. Murdoch* of counsel [*Lewis, Garvin & Kelsey,* attorneys], for the respondent.

McAvoy, J. The defendant, who is an attorney at law, was the attorney for a defendant in an action brought by this plaintiff against one Alfred Jacques. In the former action this defendant made an affidavit on an application for a long adjournment upon the ground that his client, the defendant, was abroad. The affidavit thus submitted contained what were claimed to be libelous statements. The libelous matter is set forth in the complaint, as follows:

" ' I am further informed and believe that in certain cases, plaintiff (meaning and intending thereby this plaintiff) went so far as to alter or forge orders after they had been given, so as to thereby increase the size of the orders; ' meaning and intending thereby that plaintiff had committed and was guilty of the crime of forgery in the second degree, as defined in and by the Penal Law of the State of New York.

" ' I am further informed and believe that the plaintiff (meaning and intending thereby this plaintiff) is a man of absolutely no financial responsibility, lives a fly-by-night existence, repeatedly

changing his occupation or employment because owing to his personal characteristics he cannot continue his association with anyone more than a brief time.' "

The defendant made a motion to strike out certain parts of the complaint upon the ground that the allegations therein contained are irrelevant, redundant, impertinent and scandalous and may tend to prejudice a fair trial of the action.

The matters struck from the complaint are the 9th, 10th, 11th and 13th paragraphs. In the 6th paragraph was an innuendo which was also struck out. This innuendo charges that defendant in using the words concerning plaintiff that he " went so far as to alter or forge orders after they had been given, so as to thereby increase the size of the orders " intended to charge " that plaintiff had committed and was guilty of the crime of forgery in the second degree, as defined in and by the Penal Law of the State of New York."

We think this is a legitimate innuendo from the charge itself and should have been allowed to remain in the complaint. It does not transcend the meaning of the charge itself and the words used therein are susceptible of the meaning ascribed.

The 9th paragraph alleges actual malice against the plaintiff and should not have been stricken out, since unless the defendant was actuated by malice, being an attorney he was privileged in making an affidavit that was pertinent to the proceeding.

The 10th paragraph is to the same general effect and is a proper allegation to take the claim of privilege out of the attorney's defense, if made.

The 11th paragraph alleges that the defamatory matter was not pertinent or germane to the subject-matter then before the court and was known to be false. This is also a proper allegation pleaded so as to destroy the privilege which may be alleged in defeat of the plaintiff's cause.

The 13th paragraph recited that the court theretofore granted a motion to strike this affidavit from the records and files of the Supreme Court upon the ground that it was scandalous, and that a copy of the order granting the motion was served on the defendant. This is not a relevant allegation to the cause of action alleged in the complaint. It apparently seeks to set forth that a judicial determination as to the relevancy of the matters contained in the affidavit has already been had. It will be an issue in the action dependent upon proof with respect to whether or not there was any pertinency or relevancy to these alleged libelous statements in the former cause of action, and, therefore, a recital of the judicial

38

determination in a collateral matter striking the affidavit containing these matters from the files of the court is not a proper or relevant allegation in the complaint, since the ruling pleaded would not be *res adjudicata* on that issue or in any way binding upon the question of relevancy now to be tried.

The order should, therefore, be modified to the extent of denying the motion to strike out the allegations complained of in the 6th, 9th, 10th and 11th paragraphs of the complaint, and as so modified affirmed, without costs.

CLARKE, P. J., FINCH, MARTIN and BURR, JJ., concur.

Order modified as indicated in opinion and as so modified affirmed, without costs.