NATIONAL VARIETY ARTISTS, INC., Plaintiff, *v.* CHARLES MOSCONI, as Treasurer of the American Federation of Actors, and Another, Defendants.

Supreme Court, Special Term, New York County, February 1, 1939.

*Abraham Hotwein,* for the plaintiff.

*John J. Burns,* for the defendant Mosconi.

*Emile Z. Berman,* for the defendant Koenigsberg.

PECORA, J.   This is a motion to dismiss the complaint under rule 106 of the Rules of Civil Practice upon the grounds that the plaintiff has not the legal capacity to sue and that the complaint does not state facts sufficient to constitute a cause of action.   The action is to recover damages for libel.   The complaint alleges that the plaintiff is a domestic membership corporation; that the defendant American Federation of Actors is an unincorporated association and that the defendant Koenigsberg is an agent of the said association.   It is further alleged that the defendants in reply to an inquiry from one Sally Rand, asking for their approval for her to appear at a certain benefit performance, composed and published a letter containing the following: " Replying to your inquiry of recent date concerning the N. V. A. benefit performance at the Alvin Theatre, Sunday night, Feb. 27th, please be advised that the American Federation of Actors does not approve of any of its members assisting in any shape or form what has for years been known as a company union. The N. V. A., though of little consequence any more, is a dual organization, and is not, of course, affiliated with the American Federation of Labor."   Innuendoes arising from these statements are alleged.   Upon the argument of the motion it was stipulated that the complaint be considered amended so as to include an allegation that the defendant association was a union of variety actors, of which Sally Rand was a member.

It is urged by defendants that a membership corporation may not maintain an action for libel without proof of special damage. They cite the case of *Electrical Board of Trade* v. *Sheehan* (214 App. Div. 712) as authority for their contention.   But in *New York Society* v. *McFadden Publications* (260 N. Y. 166) the right of a non-profit corporation to maintain an action for defamation without showing special damages is squarely upheld.   (See, also, *Finnish Temperance Society* v. *Finnish Socialistic Pub. Co.,* 238 Mass. 345; 130 N. E. 845.)   It may well be that the distinguishing feature between these cases is that in the *New York Society* case the alleged defamatory matter was on its face libelous.

In any event, where the language complained of is so clearly defamatory in character as to affect the credit of a corporation or association, and to cause it pecuniary injury, an averment of specific damage is unnecessary, regardless of the nature of such corporation or association. (See *Reporters' Assn.* v. *Sun Printing & Pub. Assn.,* 186 N. Y. 437; *First Nat. Bank* v. *Winters,* 225 id. 47, 52.)

In the instant case the letter which is the basis of the action is not libelous *per se.* In determining this the letter as a whole must

be considered. To say of the plaintiff that it is a " company union," or that it is " of little consequence any more," or that it is a " dual organization," is not to attribute to it or to its management any conduct or status injurious to its reputation or credit. These words, fairly construed, do not tend to hold it up to public contempt or ridicule. The term " company union " is defined in our Labor Relations Act (Labor Law, § 701, subd. 6) as having a meaning which is not suggestive of defamation in any way. Neither does a libelous meaning attach to the expression " dual organization," which ordinarily implies that there is a rival or opposing organization in the field. (See 5 Encyclopedia of Social Sciences, 259 *et seq.*)

In fact, the plaintiff itself apparently recognizes that the language complained of is not of itself libelous, for it pleads innuendoes to ascribe to it a defamatory meaning. Hence, the alleged libel can only be established by proof of extrinsic facts. Under such circumstances, it is required that the plaintiff allege special damages. (*O'Connell* v. *Press Pub. Co.*, 214 N. Y. 352.) Despite the criticism of the ruling in the *O'Connell* case expressed by a learned text-book writer (See Seelman, Law of Libel & Slander, §§ 42 *et seq.*), and notwithstanding his assertion that the Court of Appeals has not since followed it (§ 48), this court must await the overruling of that doctrine by the Court of Appeals itself before it may be free to ignore it. Incidentally, I am not fully in sympathy with the learned author's views regarding the *O'Connell* case; but that need not be elaborated upon here.

As there is no adequate allegation of special damage pleaded by this plaintiff, the complaint must be dismissed for insufficiency.

Defendants also claim that the cause of action cannot be maintained merely against the president or treasurer of their association, and insist that it must be alleged against all of its members. These contentions lack sound support. A corporation or a membership association may be sued for libel where the action is based upon a publication made by its officer or agent acting within the scope of his authority. (*Pandolfo* v. *Bank of Benson*, 273 Fed. 48.) The question of authority is a factual one. There is sufficient averment in the complaint to present that issue of fact here.

The defendants further argue that the letter was a privileged communication, and that the complaint must fall on that account. This cannot be upheld. Qualified privilege is a defense where there is no allegation or proof of malice. The complaint sufficiently charges malice to meet a claim of qualified privilege. (*Mellen* v. *Athens Hotel*, 153 App. Div. 891.)

The motion to dismiss the complaint is granted, with leave to serve an amended complaint within twenty days after service with notice of entry of the order to be entered herein upon the attorney for the plaintiff. Submit order.