## (April 26, 1948.)

HARRY MARTIN, Respondent, v. JOSEPH CURRAN et al., Individually and Constituting the Editorial Board of National Maritime Union of America, et al., Appellants.

In an action to recover damages for libel, order denying appellants' motion to dismiss the complaint as insufficient and to strike out certain allegations thereof, insofar as appealed from, reversed on the law, with $10 costs and disbursements, the motion to dismiss the complaint as against the officers of the National Maritime Union in their representative capacities, granted, and the motion to strike out paragraphs 13 and 15 thereof, as against the remaining defendants, granted, with $10 costs, with leave to respondent to serve an amended complaint within ten days from the entry of the order hereon.

The allegations of the complaint are insufficient to show that the libel complained of was authorized or ratified by the members of the union, an unincorporated association. (McCabe v. Goodfellow, 133 N. Y. 89; Schouten v. Alpine, 215 N. Y. 225. Lightbourn v. Walsh, 97 App. Div. 187.) Paragraphs 13 and 15 of the complaint should be struck out pursuant to rule 103 of the Rules of Civil Practice. Upon amendment of the complaint, the respondent may incorporate therein such allegations as he may be advised tending to show membership participation in the publication of the libel and any pertinent allegations tending to show malice by the participants in the publication.

WENZEL, J. (dissenting). This is an action for an alleged libel printed in "The Pilot", a weekly newspaper published by the National Maritime Union of America, an unincorporated membership association.

The plaintiff joins as a defendant, under section 13 of the General Associations Law, the association itself, which, through its counsel, contends, in effect—and the majority have found—that the complaint is insufficient in that it fails to allege that the membership of the association, either authorized, participated in or ratified the alleged libelous statements or that there was fraud or bad faith on the part of the membership as a whole. In support of this contention, the appellant cites a great number of cases, which can be segregated into four general groups:

1. Cases in which the members of such an association have been held not to be responsible for contractual obligations incurred by the officers of the association. These cases are not apposite. Those voluntarily entering into business relationship with such an association are charged with the knowledge of the limited liability of its members.

2. Cases in which assaults or other torts have been committed during a strike. These cases'are analogous to the class of cases where we find that a janitor of an apartment house or the employee of a common carrier has gone beyond the scope of his master's business in assaulting a tenant or a passenger. Clearly they are not in point.

3. Cases in which members of unions have sued for reinstatement after an alleged wrongful discharge and for consequential damages. These have to do with the internal affairs and the rights and relationship of members within the association.

4. Cases which involve the publication of an alleged libel, where the publication was a sporadic one. Of course, under such circumstances, the knowledge and approval of the members would have to be pleaded and proved.

In the case on appeal, the libel was published in the union's official organ, owned by its members and published in their interest by officials authorized by them to do so. To such officials was given the authority to determine what was to go between its covers, and clearly it goes beyond reason to assume that those who were vested with this power were required to get the approval of the membership for each item or article that appeared in the union newspaper.

The article complained of dealt with relations between employer and employee and was clearly a matter which concerned the interests of the union.

Members of unincorporated associations are "answerable for damages for libel published by their agent with their authority while the agent is acting within the scope of his employment". (*Pandolfo* v. *Bank of Benson*, 273 F. 48, 50; *National Variety Artists, Inc.*, v. *Mosconi*, 169 Misc. 982.)

Accordingly, the allegations of the complaint as to the publication by the union of a weekly newspaper as a means of establishing its purposes are sufficient.

I also agree with the court at Special Term that this action is not affected by section 876-a of the Civil Practice Act.

The order should be affirmed.

Lewis, P. J., Carswell, Johnston and Adel, JJ., concur in decision; Wenzel, J., dissents and votes to affirm the order, with opinion.

Ordered accordingly. [See 274 App. Div. 790.]