OLIVE McCARTNEY, Plaintiff, *v.* HERMAN SCHIERENBECK, Defendant.

Supreme Court, Special Term, Queens County, September 13, 1951.

*Ralph L. Bernstein* for plaintiff.

*Edward T. Welch* for defendant.

COLDEN, J. Motion by the plaintiff to dismiss the first affirmative defense alleged in the answer for legal insufficiency.

This is a libel action based upon allegations contained in the complaint of another action in which the defendant herein was plaintiff and the plaintiff herein one of several defendants. In

the affirmative defense here challenged, the defendant pleads that the alleged libel was published in the course of the prior action and the statements were made in good faith in the course of such action, and were uttered in the belief that they were relevant and pertinent and tended to move the court's discretion to grant the relief therein sought.

The statements, which are the basis of the present complaint, were stricken from the complaint in the prior action upon motion made pursuant to rule 103 of the Rules of Civil Practice upon the ground that they were not only scandalous, but unnecessary. In view of that disposition, argues the plaintiff, the said defense is unavailable both under the doctrine of *res judicata* and the law of the case.

Statements made in the course of judicial proceedings are absolutely privileged unless " the language used goes beyond the bounds of reason and is so clearly impertinent and needlessly defamatory as not to admit of discussion ". (*People ex rel. Bensky* v. *Warden of City Prison*, 258 N. Y. 55, 59; Restatement, Torts, § 587, comment c.) Merely because the court, upon a procedural motion in another action, struck out from the complaint the matter which is the basis of the alleged libel in this action does not conclusively establish that it was impertinent and needlessly defamatory. As was stated by Seelman in his work " The Law of Libel and Slander " (par. 201, pp. 169–170): " A judge may often strike out what he deems impertinent, but in a libel action the test is could it by any possibility be deemed pertinent. And, then again, in the libel action, *facts may be shown* to prove such possibility, whereas a motion to strike out is solely addressed *to a pleading.* " In *Kahane* v. *Murdoch* (218 App. Div. 591, 593) the Appellate Division, First Department, held that a ruling in a prior action, striking out an affidavit which contained the libelous statements from the files of the court, would not be *res judicata* on the issue of pertinency and that in the libel action the relevancy of the matters contained in the affidavit will be an issue " dependent upon proof with respect to whether or not there was any pertinency or relevancy to these alleged libelous statements in the former cause of action ". (See, also, *Lesser* v. *International Trust Co.*, 175 App. Div. 12.)

Accordingly, the motion to strike the defense of privilege from the defendant's answer is denied to permit the question of pertinency to be decided in this action upon evidence as it may be adduced at the trial. Submit order.