**Courtney C. WELLS, Appellant,**

**v.**

**William P. MORTON, Jr., Appellee.**

Court of Appeals of Kentucky.

March 26, 1965.

Harold Garland Wells, Alva A. Hollon, Hazard, for appellant.

J. W. Craft, Jr., Craft & Haynes, Reeves, Barret & Cooper, Hazard, for appellee.

MONTGOMERY, Judge.

Courtney C. Wells sued William P. Morton, Jr., for damages in the sum of $100,000 arising from newspaper and radio statements that Wells claims are libelous. Wells appeals from the order dismissing his complaint as amended for failure to state facts showing that he was entitled to relief.

In 1963 Wells sought re-election as circuit judge in the 33rd Judicial District, consisting of Perry County. He was opposed in both the primary and general elections. It is alleged that Morton published in the Hazard Herald, a newspaper, and broadcast over radio station WKIC, in the city of Hazard and Perry County, certain "libelous and slanderous matter" set forth in detail in the complaint "falsely and maliciously."

The character of the allegations and injury is alleged as follows:

"The libelous statements hereinabove set out were directed at plaintiff herein and were intended and designed to expose said plaintiff to disgrace, ridicule, odium, and contempt in the estimation of his friends and acquaintances and the public generally. Said libelous statements were designed to, and in fact did, impute to plaintiff in his character as a public officer incapacity in that his decisions have been consistently reversed by the higher courts. Said libelous statements were designed to, and in fact did, charge said plaintiff in his character as a public officer with misconduct and want of integrity in that his decisions were based on bias and prejudice and were unjust by reason thereof; in that he flouted the law by entering the grand jury room; and in that he picked juries contrary to law for political favors and denied the people the right to set thereon. Further said libelous statements charged said plaintiff with being opposed to the moral interests of the community and being a champion of the lawless element thereof."

Apparently the trial court's ruling was based on the decision in New York Times Co. v. Sullivan, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686, 95 A.L.R.2d 1412. See Annotation, 95 A.L.R.2d 1450. Appellee says that this case stands for the proposition "that in a case of this nature it is necessary to allege that the statements were false and that they were made with actual malice, which malice is defined by the Court as being done with knowledge that it was false or with reckless disregard of whether it was false or not."

Appellee is correct in the statement of what the case stands for except that nowhere in the decision is it held that "it is necessary to allege that the statements * *

were made with actual malice * * *."
The decisive portions of the opinion follow:

"The constitutional guarantees require, we think, a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with 'actual malice'—that is, with knowledge that it was false or with reckless disregard of whether it was false or not.

\* \* \* \* \* \*

"We hold today that the Constitution delimits a State's power to award damages for libel in actions brought by public officials against critics of their official conduct. Since this is such an action, the rule requiring proof of actual malice is applicable. * * * Since the trial judge did not instruct the jury to differentiate between general and punitive damages, it may be that the verdict was wholly an award of one or the other. But it is impossible to know, in view of the general verdict returned. Because of this uncertainty, the judgment must be reversed and the case remanded."

The Supreme Court then undertook to define "the line between speech unconditionally guaranteed and speech which may legitimately be regulated" in anticipation of another trial. At no place in the opinion did the Court pass on the sufficiency of the pleadings in the case; hence, the statement in appellee's brief to the effect that "actual malice" must be alleged is erroneous.

The Supreme Court of Alabama, in holding the pleadings in the New York Times case to be sufficient, said:

"Where, as in this case, the matter published is libelous per se, then the complaint may be very simple and brief (Penry v. Dozier, 161 Ala. 292, 49 So. 909), and there is no need to set forth innuendo."

See 273 Ala. 656, 144 So.2d 25, 39.

The statement of the Alabama Supreme Court as to simplicity and brevity of the complaint is similar to the requirement of CR 8.01 that a pleading which sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." CR 8.05 (1).

The following comments are pertinent:

"The purpose of this Rule is to assign to pleadings the function of giving notice and formulating true issues without the requirement that they detail every fact which in the past may have been necessary to constitute a formal 'cause of action' or a defense."

\* \* \* \* \* \*

"The true objective of a pleading stating a claim is to give the opposing party fair notice of its essential nature, the basis of the claimant's right, the adverse party's wrong, and the type of relief to which the claimant deems himself entitled."

See Clay, CR 8.01, Comments 2 and 3, pages 128 and 129.

In Ewell v. Central City, Ky., 340 S.W.2d 479, the rule as to the construction of pleadings was stated thus:

"As pointed out in author's note No. 7 to Rule 12.02, Clay's Kentucky Civil Rules, a motion to dismiss for failure to state a claim takes the place of the former general demurrer with the exception that under the rules a pleading should no longer be construed against the pleader and the court should not dismiss unless it appears the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim."

The complaint dismissed gave the appellee more than adequate notice of the fact that he has been charged with falsely and maliciously publishing by newspaper and broadcasting by radio a number of statements which are claimed to have been li-

belous on their face, and that appellant seeks to recover damages from him by reason thereof. It was unnecessary to allege "actual malice" which will not be presumed but must be proved as defined in the New York Times case. The complaint is not attacked in any other respect and is sufficient. Robbins v. Treadway, 25 Ky. (2 J. J.Marsh.) 540, 19 Am.Dec. 152; Dixon v. Chappell, 133 Ky. 663, 118 S.W. 929; Baker v. Clark, 186 Ky. 816, 218 S.W. 280; Hickerson v. Masters, 190 Ky. 168, 226 S.W. 1072; Digest Pub. Co. v. Perry Pub. Co., Ky., 284 S.W.2d 832. See also Gearhart v. WSAZ Inc., 150 F.Supp. 98, affirmed WSAZ Inc. v. Lyons, 6 Cir., 254 F.2d 242.

The court erroneously dismissed the complaint.

Judgment reversed.

HILL, J., not sitting.