Bernard S. Meyer, J.
Defendants in this libel action move, on the complaint alone, to dismiss or in the alternative for an order requiring that plaintiff separately state and number. The corporate defendant owns the Great Neck Record, in whose editions of November 11, 18 and 25, 1965, the alleged libel was published. The three individual defendants are the publisher, the president and executive editor, and the editor of the newspaper. Plaintiff was at the time of publication a member of the Great Neck Board of Education. The complaint charges that in the three articles, which are annexed to the complaint as exhibits, “ the defendants charged that the plaintiff, the parent of a student in a Great Neck high school, exercising coercion and improper pressure upon her son’s mathematics teacher, forced said teacher to raise the mathematics grade of said student, plaintiff’s son; that this oppressive, corrupt and immoral conduct on the part of the plaintiff was responsible for and resulted in the teacher’s resignation from the school system; that plaintiff had tampered with marks or grades and violated a position of public trust and confidence to her own advantage and as a member of the Board of Education had. abused the prestige and power of her office for personal gain; that plaintiff should accordingly resign as a member of the Great Neck school board.” and that “At the times of such publications defendants knew, or could with the exercise of *576 reasonable care have ascertained, that the matters they published of abd concerning the plaintiff were false, that plaintiff had acted as behooves a parent and in all respects properly; that said publications by the defendants were made recklessly, maliciously and in bad faith.” Defendants contend that the complaint is deficient in not pleading actual malice, in not pleading special damage, in not alleging the exact words of the article which it is contended are libelous, and in not stating separate causes of action against each defendant. The complaint is dismissed, with leave, however, to replead.
Plaintiff concedes, as indeed she must since she is an elected official (Education Law, § 1702), that she is a public official within the doctrine of New York Times Co. v. Sullivan (376 U. S. 254). She argues, however, that the alleged defamation is nonetheless not privileged because “ it was no part of plaintiff’s function as a board member to see her son’s teacher about his individual grades” and, therefore, the articles concerned her private rather than her official conduct. The fallacy of the argument is demonstrated by plaintiff’s complaint which, as above noted, alleges that defendants charged ‘ ‘ that plaintiff had tampered with marks or grades and violated a position of public trust and confidence to her own advantage and as a member of the Board of Education had abused the prestige and power of her office for personal gain, ” (emphasis supplied). The thrust of the publication was, as the italicized portions of the complaint make clear, that it was part of plaintiff’s function as a board member not to see her son’s teacher about his grades, or at least not to use the prestige of her office in so doing. “Private” actions of a public official which involve the use of his official position are within the area of protected comment (Gilberg v. Goffi, 21 A D 2d 517, affd, 15 N Y 2d 1023; cf. Garrison v. Louisiana, 379 U. S. 64, 77). Clearly, therefore, and as a matter of law in view of the allegations of the complaint, the private conduct exception to the Sullivan rule does not apply and the articles are privileged unless published with actual malice.
Since the qualifiedly privileged nature of the publication is apparent on the face of the complaint, the complaint is insufficient unless it includes allegations showing the publication to be outside the scope of the privilege (Fulton v. Ingalls, 165 App. Div. 323, affd, 214 N. Y. 665; Tierney v. Ruppert, 150 App. Div. 863; cf. Corwin v. Berkwitz, 190 App. Div. 952.) As a matter of New York law, a general averment that the statement was made maliciously (Viele v. Gray, 18 How. Pr. 550, 569; Mellen v. Athens Hotel Co., 153 App. Div. 891; Tierney v. Ruppert, supra; *577 S & R Lincoln Mercury v. Fleishman Motors., 38 Misc 2d 182; National Variety Artists v. Mosconi, 169 Misc. 982; see Ostrowe v. Lee, 256 N. Y. 36; Dempsey v. Time, 43 Misc 2d 754) or that defendant was actuated by actual malice (Gasperini v. Manginelli, 196 Misc. 547; see Kahane v. Murdoch, 218 App. Div. 591) has been considered sufficient, without allegation of the evidence upon which the averment is based. New York cases to the contrary exist (Herman v. Letteau, N. Y. L. J., May 29, 1964, p. 20, col. 8; Burstein v. Movielab, Inc., N. Y. L. J., March 13, 1964, p. 17, col. 6; Dairymen’s League Co-op Assn. v. Brockway Co., 173 Misc 183; Marxman Pipes v. Columbia Pictures Corp., 129 N. Y. S. 2d 858) but the first two are predicated upon a misapplication of the summary judgment rule of Shapiro v. Health Ins. Plan (7 N Y 2d 56) to a motion to dismiss for insufficiency, and the last two held allegations of malice and willful intent to be conclusory, an objection no longer valid under CPLR 3013 (see 3 Weinstein-Korn-Miller, N. Y. Civ. Prac., pars. 3013.02, 3013.03). While it would not be improper under CPLR 3013 for plaintiff to plead the facts on which she will ultimately rely to prove the actual malice, she is not required as a matter of New York law to do so.
Defendants argue, however, that plaintiff is constitutionally required to plead facts rather than conclusions. Nothing in the Sullivan case so indicates, and Linn v. Plant Guard Workers (383 U. S. 53) upon which defendants rely, is specifically stated by the court to be concerned not with constitutional limitations but with pre-emption resulting from enactment of a Federal statute. Moreover, the Linn decision’s direction that on remand leave should be granted to amend to make “ specific allegations ” of malice does not necessarily import that evidentiary rather than conclusory factual allegations are required. Of the out-of-State cases on the point decided since the Sullivan decision was handed down, two, Noonan v. Rousselot (48 Cal. Rep. 817) and Kennedy v. Mid-Continent Telecasting (193 Kan. 544) simply followed the previously defined law of the particular State in requiring specific facts to be pleaded (see, generally, Ann. 76 ALR 2d 696), one, Wells v. Morton (388 S. W. 2d 607 [Ky.]) refused to require that specific facts be pleaded, pointing out that the Sullivan case did not pass on the sufficiency of the pleading, and one, Lundstrom v. Winnebago Newspapers (58 Ill. App. 2d 33) makes the flat statement, without analysis, that the Sullivan case requires that the complaint allege actual malice and consequent special damages.
*578 While it is true, as the California court in Noonanv. Rousselot, pointed out (p. 821), that the California rule “ makes it impossible for a plaintiff who is faced with a qualified privilege to force the case to issue by the naked allegation that defendant acted ‘ maliciously ’ ”, it must be remembered that the constitutional issue now being considered is whether the First Amendment mandates evidentiary pleading. The court concludes that it does not; that while the pleading must bring the case within Sullivan’s definition of actual malice, and therefore, to plead that “defendant acted maliciously ” would be an insufficient pleading, nonetheless, the allegation of actual malice may be conclusory in form. That conclusion is reached on a purely pragmatic basis. To hold that evidentiary pleading is required will not, as defendants argue, protect from legal proceedings those who without actual malice make statements about public officials. In large part actual malice is a matter within the knowledge of the potential libel defendant; in many cases, therefore, whether actual malice in fact exists will be ascertainable only after examination of the defendant. The effect of evidentiary pleading then will be to shift defendant’s involvement from examination after complaint to examination before the action is commenced (CPLR 3102, subd. [c]). If conclusory pleading is allowed, a defendant may still protect himself against the burden of a full scale trial by moving, after plaintiff has had a reasonable time to conduct examinations before trial, for summary judgment, thus requiring plaintiff to “ assemble, lay bare and reveal his proofs ” (Di Sabato v. Soffes, 9 A D 2d 297, 301) under “ a positive requirement that it [plaintiff’s answering affidavit] must show evidentiary facts ” in proof of actual malice (Shapiro v. Health Ins. Plan, 7 N Y 2d 56, 63, supra). The First Amendment requires no more than that.
Plaintiff’s complaint herein is, nonetheless, insufficient for it does not meet the Sullivan definition of actual malice even in conclusory form. As defined in the Sullivan opinion (376 U. S. 254, 279-280) “ actual malice ” means publication “ with knowledge that it was false or with reckless disregard of whether it was false or not. ’ ’ The allegation of the complaint is that “ defendants knew, or could with the exercise of reasonable care have ascertained, that the matters * * * were false ”. A cause of action pleaded in the disjunctive is insufficient if any branch of the disjunctive is insufficient (A A Tube Testing Co. v. Sohne, 20 A D 2d 639). The second alternative in the complaint charges lack of reasonable care; under Sullivan reckless disregard must be alleged, negligence is not enough (Rosenblatt v. *579 Baer, 383 U. S. 75, 84; Garrison v. Louisiana, 379 U. S. 64, 79; Pauling v. National Review, 49 Misc 2d 975, 982). The complaint is, therefore, insufficient.
While the complaint must be dismissed, the court notes, since leave to replead is being granted, that it has examined the other points made by defendants, but does not find in them any further reason to dismiss. The single instance rule relied on as requiring the pleading of special damages is not applicable when the statements made impute a general incompetence (Cruikshank v. Gordon, 118 N. Y. 178). One subject of the articles is mark tampering as a continuing and common practice. To be guilty of such a practice imputes a lack of integrity which would totally disqualify plaintiff from service as a board member not, as defendants argue, a simple error of judgment. The articles involved are attached to the complaint, so CPLR 3016 (subd. [a]) has been complied with, and the above-quoted portion of the complaint sufficiently apprises defendants what plaintiff contends is libelous (cf. Singer v. New York Times Co., 74 App. Div. 380). Nor in view of the liberality in construing pleadings directed by CPLR 3026 is there any reason to require plaintiff to spell out the act of each defendant, though it would, of course, be easier for defendants if that were done. The allegations that the “ defendants published ” and “ defendants knew ” sufficiently put each defendant on notice concerning the occurrences intended to be proved, and that is all that is required (CPLR 3013).