Isidore Dollinger, J.
Defendants, Little, Brown & Company, and the Literary Guild of America, Inc., move for an order dismissing the complaint pursuant to CPLR 3211 (subd. [a], par. 7) on the ground that it fails to state a cause of action. In this libel action, plaintiff corporation avers that the defendant publishers (movants herein) and the defendant author published false and libelous matter by asserting that the plaintiff went out of business and into oblivion, in the book entitled “ The Arms of Krupp 1587-1968” (see pp. 844, 824 and 967 of said book). Defendants contend that the complaint fails for' not setting forth ‘ ‘ actual malice ’ ’ in connection with the publication of the alleged libelous matter. Plaintiff, to the contrary, submits that there is no requirement that actual malice be alleged under the circumstances herein, and alternately, that if there is such requirement, it has been sufficiently met by the allegations of the complaint.
*310 Initially, the observance of right reason dictates a consideration of whether actual malice is mandated as a pleading requirement herein. The United States Supreme .Court in New York Times Co. v. Sullivan (376 U. S. 254 [1964]) formulated a guideline limiting the permissible scope of defamation actions by announcing “ a federal rule that prohibits a public official from recovering damages for a defamatory falsehood relating to his official conduct unless he proves that the statement was made with ‘ actual malice ’ — that is, with knowledge that it was false or with reckless disregard of whether it was false or not ” (New York Times v. Sullivan, supra, pp. 279-280). The rationale of the New York Times decision may be characterized as “person” oriented — the pivotal consideration' being the capacity of the individual, i.e., whether or not he is a public official. (See Gilberg v. Goffi, 21 A D 2d 517, 526 [2d Dept., 1964] for application of New York Times rationale.) Next there occurred the subtle extension of the New York Times rule to public figures (see Pauling v. Globe-Democrat Pub. Co., 362 F. 2d 188, 195 [8th Cir. 1966, cert. den. 388 U. S. 909 (1967) ]), which held that although Pauling was not a public official, “by his public statements and actions [he projected] himself into the arena of public controversy and into the very ‘ vortex of the discussion of a question of pressing public concern ’ ”). Examination of a host of post New York Times cases reveals a fragile interrelation between the status of the individual and the nature of the issue or issues involved (see, e.g., Rosenblatt v. Baer, 383 U. S. 75, 85 [1966]: “ There is, first, a strong interest in debate on public issues, and, second a strong interest in debate about those persons who are in a position significantly to influelnee the resolution of those issues ”). (Emphasis supplied:')
Perusal of analysis of the philosophy of Dr. Alexander Meiklejohn as it.relates to the United States Supreme Court decisions in this area confirms that it is basically ‘ ‘ issue ’ ’ oriented (Brennan, The Supreme Court and the Meiklejohn Interpretation of the First Amendment, 79 Harv. L. Rev. 1 (1965); Meiklejohn, The First Amendment Is an Absolute, in 1961 Supreme Court Review 245). Reduced to elementáis, Professor Meiklejohn’s view is buttressed on the thesis that the citizens of the United States are not only “ the governed ”, but also “ the governors ”. A portion of their sovereign power is delegated to the government. The First Amendment protects against abridgment of the freedom of the electoral power retained, among others, by the people. Concomitant with and •corollary to the governing power of the citizenry is the requirement of unrestricted public discussion of public issues.
*311 In this context the determination of the United States Supreme court in Time, Inc. v. Hill (385 U. S. 374 [1967]) would appear to indicate adoption of an “ issue ’ ’ oriented view of the freedom of expression. It was held in Hill that the Constitution requires the application of the rule mandating a showing of actual malice where the action under the New York right of privacy statute involved allegedly libelous material concerning “ matters of public interest It is, however, certainly arguable that this decision is illustrative of the subtle, albeit necessary interrelation of a “person” oriented and “issue” oriented rationale. Clearly the Hill family had “ involuntarily [become] the subjects of a front-page news story” (Time, Inc. v. Hill, supra, p. 378) and the court acknowledged that the result might be different if the action was in libel, referring to the concurring decision of Stewart, J., in Rosenblatt v. Baer, 383 U. S. 75, 91). In .rather strong terms Mr. Justice Stewart declared (pp. 92-93): “ What the New York Times rule ultimately protects is defamatory falsehood. No matter how gross the untruth, the New York Times rule deprives a defamed public official of any hope for legal redress without proof that the lie was a knowing one, or uttered in reckless disregard of the truth * * * The First and Fourteenth Amendments have not stripped private citizens of all means of redress for injuries inflicted upon them by careless liars. ’ ’ (Emphasis supplied.)
Subsequent to Hill it appears that the Supreme Court returned to what is essentially a 11 person ’ ’ oriented rationale (see Curtis Pub. Co. v. Butts and Associated Press v. Walker, 388 U. S. 130 [1967], utilizing a “ public figures ” rather than “ public issues ” approach).
Without speculating on the apparent conflicting rationale of the post New York Times cases, this court recognizes that the exercise of the right of free speech and free press demands and even mandates the observance of the coequal duty not to abuse such right, but to utilize it with right reason and dignity. Vain lip service to “ duties ” in a vacuous reality wherein “ rights ” exist, sovereign and independent of any balancing moral or social factor, creates a semantical mockery of the very foundation of our laws and legal system.
In the application of pertinent legal reasoning and principles to individual factual circumstances in this area of the law where a state of flux patently prevails, the. court must be mindful of needless extension of a “rule”. The expansion of one right tolls the confinement of another in the delicate balancing of private as compared or contrasted with public issues and/or persons.
*312 Plaintiff herein, Bavarian Motor Works, appears not to be a public person within the purview of the New York Times line of cases. Further the defendants do not make even a colorable showing that it is such a person. Defendants-’ contention appears to be premised on the argument that the above-mentioned book is imbued with such public interest and furnishes so much information that it falls within the ambit of a “ public issue ” rationale and thereby deserves the “ protection ” of the New York Times rule. While the dissemination of historical information serves a most laudable educational need, it does not necessarily follow that by the mere fact of alleged libelous matter being contained therein, such matter is entitled to the benefit of the New York Times rule. To extend the New York Times rule to the circumstances herein would, it appears, be an unwarranted abridgment of private rights in the libel area and might very well be a further step to granting those in the position of the defendants a valid unconditional license, except where actual malice can be proved by the plaintiff. This court, mindful that such result might put at hazard those very rights and freedoms claimed by the defendants, is not about to so expand the New York Times rule.
Finally, even assuming that the New York Times rule applied to the action herein, the court is of the opinion that the plaintiff has properly pleaded actual malice. Paragraph “12” of the complaint states: ‘ ‘ Publication of such matter of and concerning the plaintiff was wanton and reckless to an extent amounting to malice, and was made with reckless disregard of whether such matter was false or not, and at the time of such publication the defendants knew, or could have ascertained, that the matter so published of and concerning the plaintiff was untrue.”
Whether the defendants acted with actual malice is a question of fact. Plaintiff need not plead the facts upon which the proof of actual malice can be based; he need only plead actual malice itself Cabin v. Community Newspapers (50 Misc 2d 574, affd. 27 A D 2d 543 [2d Dept., 1966]); see Dulberg v. Mock (1 N Y 2d 54, 56; CPLR 3013). Accordingly the motion is denied.