OPINION OF THE COURT
Ira Gammerman, J.
Petitioner in this action seeks an order pursuant to CPLR *1028 3102 (c) requiring Maritime Overseas Corporation (MOC) to submit to preaction disclosure to identify the MOC employees who reported to it that they had witnessed petitioner using illegal drugs on company premises.
In September 1984, petitioner was hired by MOC as an accounting clerk. On October 2, 1985 an employee in the MOC accounting department voluntarily approached her supervisor, Andrew Polchinski, and reported that she had observed petitioner using cocaine, on several occasions, in a company ladies room. This employee also provided the name of a co-worker who confirmed petitioner’s conduct. Mr. Polchinski relayed this information to his superiors on October 4, 1985. Respecting a promise of confidentiality, he did not reveal the identities of the two employees, however, he assured his superiors of their credibility.
Based almost exclusively on these two reports, the decision was made to immediately terminate petitioner’s employment at MOC. Petitioner was advised of this decision, and of the reasons underlying it, on October 7, 1985. At that time she denied the reports, asserted that she suffered from a heart condition precluding her use of drugs and requested the identities of her accusers. MOC refused to reveal the employees’ names and refused to alter its decision to discharge petitioner.
MOC argues that petitioner is not entitled to the disclosure she seeks because she has not properly demonstrated, as required by CPLR 3102 (c), that she has a claim against anyone. MOC asserts that its employees’ statements were qualifiedly privileged and that as such, petitioner is required to offer proof of actual malice, which she has not done, in order to sustain any of her causes of action. Alternatively, MOC contends that even if petitioner is entitled to disclosure as a procedural matter, the information she seeks is absolutely privileged and MOC should not be ordered to disclose it. MOC bases this argument on the public policy interests involved in controlling illegal drug use in the workplace.
Qualified privilege applies to statements "made by one person to others upon a subject in which they all had a common interest” (Friedman v Ergin, 110 AD2d 620, 621 [2d Dept], affd 66 NY2d 645 [1985]). The employment relationship illustrates a context in which such communications are often made. However, in order for a qualified privilege to exist, the statement must be made in good faith. (Garriga v Townsend, *1029 285 App Div 199 [3d Dept 1954].) Good faith can only be established by proving that prudence and ordinary care were used in determining the truth or falsity of the statement. (Pecue v Collins, 204 App Div 142 [1923].) Further, a general allegation of malice is considered sufficient to put the communication outside the scope of privilege.
Based on the affidavit submitted by Andrew Polchinski on behalf of HOC, it appears that the statements made by petitioner’s co-workers, regarding her drug use, went unquestioned. No effort was made to verify the credibility of the accusers. In addition, petitioner has generally alleged that the statements were made maliciously. There is no basis, on the record before the court, for concluding that the statements in question were made in good faith. Absent such a conclusion, it would be inappropriate to attach a qualified privilege to the communication at this stage of the proceeding.
Since the MOC employees’ statements are not qualifiedly privileged, the presumption of implied malice is retained. (Cf. Toker v Poliak, 44 NY2d 211, 219 [1978] [existence of qualified privilege negates usual presumption of implied malice].) However, even if this were not the case, petitioner is not required to plead facts she will ultimately rely upon to prove actual malice. (Cabin v Community Newspapers, 50 Misc 2d 574 [1966].) The cases relied upon by respondent are apposed. These cases involve commenced actions in which qualified privilege was offered as an affirmative defense, or, where mere falsity was offered as an inference of malice. What a plaintiff is required to show at trial or to survive a motion for summary judgment differs from what she must show in order to obtain preaction disclosure. (See, Cabin v Community Newspapers, 50 Misc 2d 574, supra.) Thus, petitioner here has satisfactorily demonstrated, for the purpose of CPLR 3102 (c), that she has a cause of action. She is not required to prove malice at this point in order to obtain the disclosure she seeks.
MOC’s alternative argument of absolute privilege must fail on public policy grounds. Illegal drug use in the workplace is indeed a problem of growing concern. However, extending absolute privilege to employees who make unconfirmed reports about their co-workers’ use of such drugs may have dangerous consequences. Offering the shield of absolute privilege to any person who wishes to accuse a co-worker of drug use can only serve to encourage baseless accusations for a variety of motives. Such statements could result in the dismissal of innocent employees who would have no remedy *1030 against their malicious accusers. This not only would harm the victimized employee, but may result in the loss of valuable personnel. Public policy does not support such a result.
The order sought by petitioner is granted, and Maritime Overseas Corporation by its personnel director Rona Gordet, or another authorized agent is directed to testify at a pretrial examination as to the names and last known addresses of the MOC employees who stated to Rona Gordet or other Maritime Overseas Corporation employees that petitioner was using a controlled substance on its premises and to produce for examination and discovery its corporate books and records relative to the identity of the parties who stated that petitioner was allegedly using a controlled substance on its premises and any written statements by these persons relating to same.