M. Watkins **EWELL** et al., Appellants,

v.

**CENTRAL CITY** et al., Appellees.

Court of Appeals of· Kentucky.

Nov. 23, 1960.

Lake, Bratcher & Cook, Carmol D. Cook, Hartford, for appellants.

W. D. Bratcher, Greenville, for appellees.

MOREMEN, Judge.

This is an appeal from a judgment which sustained appellees' motion to dismiss the complaint on the ground that it did not state a cause of action.

The complaint, as amended, identified the parties defendant and then alleged in another paragraph:

"That at a called meeting of the Board of Council for the city of Central City, Kentucky,' held on January 17, 1956, for the purpose of selecting an attorney at law to represent the city of Central City in legal matters necessary to construct, own and operate a gas distribution system for the purpose of supplying natural gas to the citizens of Central City, Kentucky, a contract was made and entered into by and between the defendant, city of Central City and the plaintiff, M. Watkins Ewell, whereby the said M. Watkins Ewell with the assistance of the city attorney of Central City would provide the legal services in connection ·with the proposed natural gas distribution system in the city of Central City for an agreed fee of $4,000, plus expenses of said attorneys. A copy of said contract is filed herewith and made a part hereof and marked Exhibit 'A' for identification, the original contract, together with the minutes of the Board of Council in adopting and approving the contract are the permanent records of the defendant, city of Central City, in the official Minute Book of the Board of Council, and plaintiff cannot file herewith the originals thereof. Subsequent to January 17, 1956, at a meeting of the Board of Council of the city of Central City, a resolution was introduced, adopted and approved whereby the city of Central City gas distribution system would be extended to include the city of Calhoun, Kentucky, and other environs along the proposed natural gas transmission additional legal services to be performed by the

attorneys and that said attorneys should have $2,000 additional compensation for services rendered."

The contract, which was filed with the petition, supported those allegations.

It is further alleged that while appellants were actively engaged in the performance of their duties, the Board of Council of the city of Central City, by resolution, abandoned all plans for a municipally owned natural gas system and offered to sell the franchise to private industry and thereby breached the contract with appellants, and but for such action appellants would have been able to complete their contract. It was averred that they were therefore entitled to the contract price for their services and other necessary expenses.

In a pleading styled "Motion and Answer" appellees moved for an order dismissing the complaint on the ground that it did not state a cause of action. It further traversed certain allegations of the complaint and affirmatively, inter alia, pled that all matters complained of in appellants' complaint were finally adjudicated in Civil Action No. 857, Muhlenberg Circuit Court between D. O. Kimmel et al., and City of Central City.

By agreement of the parties the motion to dismiss was heard by the court and it resulted in the judgment above described.

As pointed out in author's note No. 7 to Rule 12.02, Clay's Kentucky Civil Rules, a motion to dismiss for failure to state a claim takes the place of the former general demurrer with the exception that under the rules a pleading should no longer be construed against the pleader and the court should not dismiss unless it appears the plaintiff would not be entitled to relief under any state of facts which could be proved in support of his claim. Our attention therefore should be directed only to the sufficiency of the allegations in the complaint. We find them to be complete in that they do in detail adequately state the factual and legal bases of an enforceable claim for breach of contract.

In the briefs filed in this case both parties have stated and discussed many facts which do not appear of record. We have the impression that at the hearing the matter of res adjudicata had a strong influence on the final decision. But this matter is not presented to us on this appeal (it being a matter of defense on the merits) and we are concerned only with the question of the sufficiency of the allegations of the complaint. When they are considered alone the motion to dismiss should not have been sustained.

The judgment is therefore reversed.