**W. R. WILLETT LUMBER COMPANY, Inc., et al., Appellants,**

**v.**

**M. W. HALL, d/b/a Lyon County Builders & Lumber Company, et al., Appellees.**

Court of Appeals of Kentucky.

Jan. 31, 1964.

---◆---

A. Joe Asher, Benton, for appellants.

Marvin C. Prince, Benton, J. Luke Quertermous, Princeton, A. E. Boyd, Jr., Paducah, for appellees.

CLAY, Commissioner.

This suit was brought by creditors of one Hall to set aside certain deeds to and a mortgage on a tract of real estate, and to subject the property and/or proceeds to the payment of creditors' claims. Motions to dismiss the complaint on the ground that it failed to state a claim upon which relief could be granted against any of the defendants were sustained and the complaint was dismissed with prejudice.

The circumstances out of which this suit arose may be briefly summarized. M. W. Hall was engaged in business under the name of Lyon County Builders and Lumber Company. On January 23, 1961 he transferred his one-half interest in the real estate involved to his wife (she was the owner of the other half). On June 22, 1961 this property was mortgaged to defendant Citizens Bank of Kuttawa to secure a loan of $7,000, which was allegedly used in part by Hall to pay obligations of his business. On August 12, 1961 the property was sold to defendants Henry M. Price and wife. The suit sought to have the deeds and mortgage set aside on the grounds of fraud and preference.

The claims of the plaintiffs are invoked under KRS 378.010 (fraudulent conveyances) and KRS 378.060 (preferential encumbrances). The allegations of the complaint do not follow or include the simple, direct and significant language of those statutes, and we are called on to search for plaintiffs' causes of action.

At the outset plaintiffs concede they failed to state an enforceable claim against Price and his wife, so the suit was properly dismissed as to them. With respect to the mortgage made to the Bank of Kuttawa on June 22, 1961, it could be questioned only if the transaction was entered into (1) in contemplation of insolvency, and (2) with the design to prefer the bank as a creditor. KRS 378.060. Heidrich v. Silva, 89 Ky. 422, 12 S.W. 770. Neither of these allegations appear nor can the language of the complaint be construed as making these assertions. No enforceable claim against the bank is stated.

The only remaining question is whether plaintiffs stated a claim arising out of the transaction between Hall and his wife. In view of the allegations of probable insolvency, insufficient consideration, and the statement that the conveyance was made "in fraud" of the rightful claim of creditors, by the exercise of extreme liberality we can find the assertion of a right to have this deed voided under KRS 378.010. See Alt v. Burt, Ky., 242 S.W.2d 974. (We do not approve this form of pleading under that statute.) However, in view of the fact that the real estate is beyond the reach of creditors (being now owned by a good faith purchaser), this is an empty claim upon which no relief can be granted by way of subjecting the property to Hall's debts.

The only other claim arising out of this transaction is the possibility of personal liability on the part of Hall's wife (to the extent of the value of Hall's interest conveyed to her) if she participated in a scheme to defraud the creditors. See 24 Am.Jur., Fraudulent Conveyances, section 128 (page 274). No direct allegations are made that she committed any wrongful act, nor is any specific relief asked against her. However, construing this pleading liberally under CR 8.06 and in the light of CR 8.01 and 54.03, it is our opinion that the complaint states a claim upon which some form of relief could possibly be granted against defendant Bernice Hall. See Clay,

268

Kentucky Practice, Vol. 6, CR 8.01, Comments 3 and 5; Lee v. Stamper, Ky., 300 S.W.2d 251; Ewell v. Central City, Ky., 340 S.W.2d 479.

The judgment is affirmed in part and reversed in part, with directions to overrule defendants' motion to dismiss plaintiffs' claim against defendant Bernice Hall.