Ed KELLERMAN, and Ed Kellerman, Jr.,
Appellants,

v.

C. M. VAUGHAN, Sr., Appellee.

Court of Appeals of Kentucky.

Sept. 30, 1966.

Rehearing Denied Dec. 16, 1966.

James M. Todd, Lexington, for appellants.

I. Jay Miller, Lexington, for appellee.

CLAY, Commissioner.

This is a suit for malicious prosecution brought by Ed Kellerman and his son, Ed Kellerman, Jr. The second amended complaint was dismissed on defendant's motion for failure to state a claim. The principal controversy rages over Civil Rule 9.02, which somewhat strains our comprehension.

Count 1 of the amended complaint alleges that the defendant appeared before the Fayette County Grand Jury and without probable cause willfully, wantonly, falsely and maliciously charged the father with violating a specific statute relating to misrepresentation of a financial condition. It is alleged that the testimony was false, that on the basis thereof the grand jury indicted the father, a warrant was issued for his arrest, and subsequently the indictment was dismissed. This plaintiff demanded judgment for $15,200 compensatory damages and $10,000 punitive damages.

We are at a loss to understand why this pleading does not state a cause of action for malicious prosecution. Defendant's motion to dismiss made particular reference to plaintiff's failure to comply with the provisions of CR 9.02, and apparently the trial court had dismissed prior pleadings on this ground. Insofar as pertinent at this point, CR 9.02 provides:

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. * * *"

Obviously the Rule relates to claims arising out of fraud or mistake. This is not such a suit. There is not even an allegation of fraud or mistake in the amended complaint.

Defendant contends this plaintiff was required to go into further detail to explain in what manner defendant's acts

were willful, wanton, false and malicious. The second sentence of CR 9.02 specifically provides that such conditions of mind may be averred generally. They are descriptive of the nature of a defendant's *conduct*. While such conduct must be specified with reasonable particularity, the motive may be alleged generically.[1] For pleading purposes we do not know how one would break down allegations of malice and willfulness into more definitive terms. This complaint very clearly alleges the nature of defendant's conduct which gives rise to plaintiff's claim. We believe the trial court erroneously dismissed it.

Count 2 of the amended complaint is in a somewhat different category. It relates to the plaintiff's son who had the same name, with the addition of "Jr." The allegations are substantially those appearing in the first Count, except the son states he was served with a warrant issued for the arrest of his father, on which someone whose identity is not known had added the abbreviation "Jr." Considered independently, there is some doubt that Count 2 of this pleading stated a cause of action on behalf of the son. However, in the light of prior pleadings (which we think the trial court erroneously dismissed) and the first Count of this amended complaint, it appears the son is claiming that defendant's allegedly wrongful conduct was intended by defendant to injure him either jointly with or independently of his father.

We have said that a court should not dismiss a claim unless it appears the plaintiff would not be entitled to relief under any state of facts which could be proved in support of it. Ewell v. Central City, Ky., 340 S.W.2d 479. We are of the opinion that this amended complaint was amply sufficient to give defendant adequate notice of the claims of both plaintiffs. He did not move for a more definite statement

---

1. A pleading alleging only that defendant "acted maliciously" would state no cause of action or claim. This terminology would be amply sufficient, however, if it were descriptive of specified conduct which violated the pleader's rights. See Clay, Kentucky Practice, Vol. 6, Comment 3.

under CR 12.05, and his Answer shows he fully understood the nature of those claims. The pleading process is no longer a game. The trial judge should not have cast the plaintiffs out of court.

The judgment is reversed for consistent proceedings.