**UNIVERSAL C. I. T. CREDIT CORPORATION, Appellant,**

v.

**BELL HIGH COAL CORPORATION et al., Appellees.**

Court of Appeals of Kentucky.

May 22, 1970.

William A. Watson, Watson & Watson, Middlesboro, for appellant.

William S. Tribell, Robert Berger, Patterson & Berger, Pineville, for appellees.

PALMORE, Judge.

The appellant, Universal C.I.T. Credit Corporation (hereinafter Universal), obtained a judgment in the Bell Circuit Court against the appellee Bell High Coal Corporation (hereinafter Bell High) for a deficiency balance due on an installment contract under which Bell High had purchased a mobile home. After an execution was returned no property found Universal filed an amended complaint pursuant to KRS 426.381 joining other parties as defendants. It appeals from a judgment dismissing the amended complaint for failure to state grounds for relief.

The specific property Universal seeks to reach in the auxiliary proceeding is a coal mining lease executed in favor of Bell High on September 5, 1959, covering some 4300 acres of land. On September 4, 1961, Bell High assigned the lease to the appellees Paul Hart and Leslie Gibbs, who are alleged to have been officers and "sole and principal stockholders" of the corporation. Later, it is alleged, Hart and Gibbs effected a division in which Gibbs acquired the lease. Other parties to the litigation are persons and corporations who have been or now are purchasing coal mined from the leased premises.

The assignment to Hart and Gibbs was placed of record on January 9, 1963. The lease itself was not recorded until December 17, 1965.

Bell High purchased the mobile home and assumed payment of the installments on November 21, 1962, over 14 months after it had assigned its lease to Hart and Gibbs. It defaulted in December of 1964.

The critical allegations of the amended complaint include the following:

"8. The assignement [sic] of the said lease was without valuable consideration

accruing to the benefit of Bell High Coal Corporation, was voluntary, and was a constructive and/or an actual fraud on the creditors of Bell High Coal Corporation, inasmuch as the said lease constituted the principal asset of the corporation and its assignment to Paul Hart and Leslie Gibbs, officers and principal stockholders of the Corporation, was not advantageous or beneficial to the interests of the corporation in any sense, and Bell High Coal Corporation was heavily in debt at the time of the said transfer and became more so thereafter, and eventually became insolvent, and the said assignment was in fact an acquisition of corporation property by the said individuals without regard to the interests of Bell High Coal Corporation but solely for their own personal interests, as the same is being used at this time.

\* \* \* \* \* \*

"11. This lease [sic] property, and the coal being mined from it, are subject to the original lease to Bell High Coal Corporation and the proceeds of the coal mined therefrom constitute the property of Bell High Coal Corporation subject to the interest of the Lessor, Asher Coal Mining Company."

 It is the theory of Bell High and the other appellees that Universal's amended complaint is fatally deficient in that it does not allege actual fraud. KRS 378.020, which invalidates transfers without consideration, applies only to "then existing creditors," and Universal had no contract with Bell High when the assignment was made. KRS 378.010 protects subsequent creditors, but applies only when the transfer is made with actual fraudulent intent. Lamereaux v. Dixie Motor Co., 263 Ky. 67, 91 S.W.2d 993, 996 (1963); Shannon v. Duffield, 218 Ky. 770, 292 S.W. 322, 323 (1927); Liberty Bank & Trust Co. v. Davis, 281 Ky. 51, 134 S.W.2d 988, 990 (1939); Alt v. Burt, Ky., 242 S.W.2d 974, 980 (1951).

 The cases holding that the creditor must plead facts showing actual fraud pre-date the Civil Rules. The allegations of a complaint under KRS 378.010 et seq. need only "follow or include the simple, direct and significant language of those statutes," and are sufficient if they can reasonably "be construed as making these assertions." Willett Lumber Co. v. Hall, Ky., 375 S.W.2d 266, 267 (1964). "The true objective of a pleading stating a claim *is to give the opposing party fair notice of the claimant's right, the adverse party's wrong, and the type of relief to which the claimant deems himself entitled.*" Clay, Kentucky Practice, CR 8.01, Comment 3. See also CR 9.02 and Kellerman v. Vaughan, Ky., 408 S.W.2d 415, 416 (1966), to the effect that although the circumstances constituting fraud or mistake must be stated with particularity, conditions of mind may be averred generally. As a matter of fact, it would seem that Universal could have proceeded without any additional pleading at all. Clay, Kentucky Practice, CR 69, Comment 4.

 It is our opinion that the allegations of the amended complaint are sufficient. The relief sought is discovery and pursuit of hidden assets. Though we need not make a decision to that effect, the mere allegation of paragraph 11 to the effect that the lease belongs to Bell High may have been enough without a recitation of the events claimed to have been fraudulent. Appellees point to various circumstances tending to negate actual fraud, but these are matters of evidence rather than pleading. Whether Universal can prove actual fraud remains to be seen, but its pleading is sufficient to authorize the attempt.

The judgment is reversed and the cause remanded for further proceedings consistent with this opinion.

All concur.

NEIKIRK, J., not sitting.