**L. B. WHITE and Prilla White, Appellants,**

**v.**

**Charles E. BROCK and Granville Brock, d/b/a Brock Brothers Construction Company, Appellees.**

Court of Appeals of Kentucky.

Nov. 3, 1972.

Robert J. Watson, William A. Watson, Middlesboro, for appellants.

Charles R. Luker, Luker, Luker & Roberts, London, for appellee.

CATINNA, Commissioner.

The Bell Circuit Court dismissed the complaint, as amended, of L. B. White and Prilla White because it failed to state a claim upon which relief could be granted. The Whites appeal.

The complaint, as amended, stated:

White owned real property in Middlesboro, Kentucky, which abutted on both sides of South 35th Street. There was an embankment near the north line of the White property.

During the summer of 1968 Brock contracted with the city to construct a storm-sewer system. The system required the laying of a concrete pipe under South 35th Street, including that section whch adjoined and ran through the property of White.

The plans, specifications, and blueprints provided that the drain pipe under South 35th Street was to extend to the embankment near the north line of the White property. No permanent cut was to be made southward from the point where South 35th Street reached the embankment. All displaced earth within the street's right of way south of the embankment was to be restored to its original condition.

White was assured by Brock, the consulting engineers, and city officials that no permanent changes would be made in South 35th Street where it adjoined the White property.

In laying the pipe under South 35th Street, Brock carelessly and with gross negligence, and with a reckless, wanton and willful disregard of the rights of White, left an open cut extending southward from the embankment near the north line of the White property. This cut was approximately fifty feet in length and occupied what had previously been South 35th Street.

Brock, by leaving the open cut where South 35th Street had existed, destroyed a section of the street abutting and running through the White property as a public way. The property of White abutting that section of the street so destroyed was seriously and permanently injured and its value impaired.

After White had filed an amended complaint, Brock filed a motion to dismiss the complaint and amended complaint on the ground that they did not state a claim upon which relief could be granted. An answer was not filed.

A motion to dismiss for failure to state a claim does not test the merits of the action but is confined solely to the sufficiency of the pleading.

When a contractor has failed to follow plans and specifications in the performance of his duty and damage is sustained and proven, a recovery is allowed. We have examined the complaint of L. B. White and Prilla White and are of the opinion that the complaint alleges a deviation from plans and specifications.

We have said that a court should not dismiss a claim unless it appears that the plaintiff would not be entitled to relief under any state of facts which could be proved in support of it. Ingram v. Ingram, Ky., 283 S.W.2d 210 (1955); Kellerman v. Vaughan, Ky., 408 S.W.2d 415 (1966).

Being of the opinion that the complaint, as amended, did state a claim, we hold that the trial judge should not have sustained the motion to dismiss.

The judgment is reversed for proceedings consistent with this opinion.

STEINFELD, C. J., and EDWARD P. HILL, Jr., MILLIKEN, OSBORNE, PALMORE and REED, JJ., concur.