**Don WIGGINS and Thomas H. Cottingham, Appellants,**

v.

**Eugene P. STUART et al., Appellees.**

Court of Appeals of Kentucky.

June 22, 1984.

See also, Ky.App., 671 S.W.2d 260.

Nicholas D. McCubbin, Lexington, for appellants.

John S. Palmore, Frankfort, for appellees.

Before COOPER, HOWARD and HOWERTON, JJ.

HOWERTON, Judge.

Wiggins and Cottingham appeal from an order of the Franklin Circuit Court dismissing their declaratory judgment action which they filed against the members of the 1982 Kentucky General Assembly, the Commonwealth of Kentucky, and Frances Jones Mills as secretary of state. The complaint contained four counts. By the first count, the appellants sought to prevent some legislators from becoming candidates for election in various races. Their goal in count II was to have various bills passed by the 1980 and 1982 General Assemblies declared unconstitutional. The bills pertain to compensation and pensions for legislators, and the laws are found in chapter 407 of the 1980 Acts and chapters 129, 166, 326, 380, 443, and 458 of the 1982 Acts. The appellants alleged in their complaint that the acts violated §§ 2, 3, 57, 235, and 246 of the Kentucky Constitution. In count III, they claimed that some of the 1982 acts were unconstitutional in that they contained an emergency clause without displaying the recorded yeas and nays and reasons for the emergency in violation of § 55 of the Kentucky Constitution. By count IV, Wiggins and Cottingham sought to void the secretary of state's declaration

and certification of election for certain members of the General Assembly.

The Commonwealth of Kentucky was dismissed as a party without objection. Counts I and IV were dismissed by agreement, which removed Frances Jones Mills as a party. Counts II and III were finally dismissed on the basis that the complaint was filed against the individual members of the General Assembly in their capacity as members of the Senate and House of Representatives. As such, they were immune from this action.

■ The sole issue presented on this appeal is whether members of the Kentucky legislature are immune from a declaratory judgment suit, which is brought against them in their official capacity, when they are the beneficiaries of the subject matter of the suit. Although there are some exceptions to the doctrine of legislative immunity, as it relates to official action, we find no exceptions which are applicable to the factual situation in this case. Therefore, we affirm the order of the Franklin Circuit Court. It based its dismissal on § 43 of the Kentucky Constitution, which provides:

The members of the General Assembly shall, in all cases except treason, felony, breach or surety of the peace, be privileged from arrest during their attendance on the sessions of their respective Houses, and in going to and returning from the same; *and for any speech or debate in either House they shall not be questioned in any other place.* (Emphasis added.)

■ State and federal legislators are generally immune from civil or criminal actions for acts committed or statements made in their official capacities. Federal immunity is based on Article I, Sec. 6 of the United States Constitution which also provides that "for any speech or debate in their house, they shall not be questioned in any other place." The provision in the U.S. Constitution has been liberally construed. *Tenney v. Brandhove,* 341 U.S. 367, 71 S.Ct. 783, 95 L.Ed. 1019 (1951). The privilege and immunity is given to support the need of our representatives to function freely without fear of harassment.

■ The complaint and this appeal have been brought against the appellees "in Their Capacity as Members of the Senate [or House of Representatives] of the Kentucky General Assembly during the 1982 Regular Session." When legislators are sued in their official capacity on the basis of legislation which they acted upon, they are being "questioned in another place" for their legislative actions. The immunity not only applies to speech and debate, but to voting, reporting, and every act in the execution of their legislative duties while in either house. *Tenney v. Brandhove, supra.*

According to 72 Am.Jur.2d *States,* § 55 (1974):

Members of legislative bodies cannot be held personally responsible in civil actions based upon their vote cast in the exercise of discretion vested in them by virtue of their office either for or against any particular legislation, at least in the absence of corruption.

■ Wiggins and Cottingham further argue that when declaratory relief is sought, "all persons shall be made parties who have or claim an interest which would be affected by the declaration." KRS 418.-075. They contend that since the legislation provided increases in pensions and other benefits to members of the legislature, they would be affected by a court decision declaring the bills unconstitutional and, thus, were necessary parties to this action. However, no Kentucky statute or court rule will override the immunity provided in the Kentucky Constitution.

We are not saying that there is no way in which the legislation in question can be challenged, but we hold that this proceeding must fail. The order of the Franklin Circuit Court is affirmed.

All concur.