ACREE, JUDGE:
The Appellants appeal the Scott Circuit Court's order dismissing their complaint against the Scott County Fiscal Court with prejudice. Finding no error, we affirm.
Appellants are Scott County deputy jailers. During the 2011-2013 fiscal years, the Scott County Jailer awarded promotions and pay increases to Appellants. The Jailer submitted the necessary forms for processing the pay raises to the Fiscal Court for approval; however, the Fiscal Court denied the requests.
Appellants filed a complaint alleging a violation of the Kentucky Wage and Hour Act, KRS[1] 337.010 et seq. , seeking wages owed to them in accordance with the pay increases promised by the Scott County Jailer. In lieu of an answer, the Fiscal Court responded with a motion to dismiss on the grounds that Appellants' complaint failed to state a claim under the Wage and Hour Act because the law provides "wages" as being only that compensation agreed upon by the employer and employee; the Scott County Fiscal Court never agreed to ever pay Appellants the wages they now seek.
Appellants responded to the motion by arguing the Jailer was authorized to grant the pay increases by KRS 441.225, so long as the amounts remained within the budget line item previously approved by the Fiscal Court and, therefore, the Fiscal Court was bound to honor the Jailer's promises. They further alleged KRS 337.385 grants them a cause of action against the Fiscal Court to recover their promised, but unpaid wages.
The Scott Circuit Court agreed with the Fiscal Court that Appellants' allegations failed as a matter of law to state a claim under the Wage and Hour Act. The court dismissed Appellants' complaint with prejudice, and this appeal followed.
"Since a motion to dismiss for failure to state a claim upon which relief may be granted is a pure question of law, a reviewing court owes no deference to a trial court's determination; instead, an appellate court reviews the issue de novo. " Fox v. Grayson , 317 S.W.3d 1, 7 (Ky. 2010) (citing Morgan v. Bird , 289 S.W.3d 222, 226 (Ky. App. 2009) ). Additionally, "[i]t is well settled in this jurisdiction when considering a motion to dismiss under [ Kentucky Rules of Civil Procedure (CR) 12.02 ] that the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." Mims v. Western-Southern Agency, Inc. , 226 S.W.3d 833, 835 (Ky. App. 2007) (citing Gall v. Scroggy , 725 S.W.2d 867, 869 (Ky. App. 1987) ). "A motion to dismiss for failure to state a claim does not test the merits of the action but is confined solely to the sufficiency of the pleading." White v. Brock , 487 S.W.2d 908, 909 (Ky. 1972).
*223 Appellants alleged in their complaint that KRS 441.225 authorizes the Jailer to promote and increase the pay of the deputy jailers within the budgetary limits previously set by the Fiscal Court. Therefore, so goes the logic, the Fiscal Court is bound to pay Appellants their increased wages. Also, they assert KRS 64.530(3) and (4) further support their position. We disagree.
KRS 441.225 provides;
(1) Except for capital improvements, utilities and building insurance and except as provided in subsection (2) of this section, the jailer shall have authority to authorize expenditures from the jail budget. Such expenditures shall only be made in accordance with the line item jail budget duly adopted or amended by the fiscal court and the established county procurement code or purchase order procedure of the county. Payment for purchases for the jail shall be subject to fiscal court approval prior to payment. The fiscal court shall not withhold approval of payment for jail expenditures which are within the jail budget and not unlawful.
(2) The jailer shall submit, in accordance with county payroll procedures, time reports for all full-time and part-time jail personnel and employees to the county treasurer or other designated payroll official. The county treasurer shall review and pay such claims in accordance with policies and procedures for the payment of other county employees.
KRS 441.225.
It is the Court's duty to ascertain and give effect to the intent of the Legislature when engaging in statutory interpretation. Hale v. Combs , 30 S.W.3d 146, 151 (Ky. 2000). Thus, we "may not interpret a statute at variance with its stated language." Commonwealth v. Allen , 980 S.W.2d 278, 280 (Ky. 1998) (citations omitted). "[A]ll statutes should be interpreted to give them meaning, with each section construed to be in accord with the statute as a whole." Commonwealth, Transportation Cabinet v. Tarter , 802 S.W.2d 944, 946 (Ky. App. 1990).
The statute grants a jailer power to authorize expenditures, with certain exceptions, in accordance with the Fiscal Court's jail budget. Still, expenditures are subject to the approval of the Fiscal Court prior to payment. The statute's reference to the county procurement code and purchase order procedure as well as the exceptions of capital improvements, utilities, and building insurance indicate that the expenditures within the Jailer's authority relate to material items necessary to operate the jail, not compensation of its deputies. Listed explicitly as an exception to the Jailer's authority are the time reports of jail personnel referenced in KRS 441.225(2). " KRS 441.225(2) refers narrowly to the fact that jail personnel and employees are considered county employees for purposes of their receiving their compensation out of the county treasury (jail budget)." Ky. OAG[2] 84-291 (Aug. 13, 1984).
Even though the deputies' salaries are paid from the jail budget, the statute clearly excepts this category of expenditure from the Jailer's discretionary authority. The Jailer's role is simply to direct the county treasurer to pay the deputies their wages as agreed upon by the fiscal court. "We are not at liberty to add or subtract from the legislative enactment nor discover meaning not reasonably ascertainable from the language used." Beckham v. Board of Educ. of Jefferson County , 873 S.W.2d 575, 577 (Ky. 1994). In sum, the *224 Jailer's authority over expenditures referenced in KRS 441.225(1) has nothing to do with the determination of compensation or the discretion to adjust the compensation of the deputy jailers based upon a plain reading of the statute.
"The fiscal court is one of the courts provided for in the Constitution of the state, and is given charge and direction of the fiscal affairs of the county." Fox v. Lantrip , 162 Ky. 178, 172 S.W. 133, 137 (1915). KRS 64.530(2) states "deputies ... of county officers shall be deemed to be county employees[.]" As county employees, Appellants' compensation is set by the Fiscal Court; "the fiscal court of each county shall fix the reasonable compensation of every county officer and employee[.]" KRS 64.530(1).
Appellants maintain that KRS 64.530(3) supports their interpretation of the Jailer's authority because the statute provides: "The fiscal court shall fix annually the reasonable maximum amount, including fringe benefits, which the officer may expend for deputies and assistants, and allow the officer to determine the number to be hired and the individual compensation of each deputy and assistant." KRS 64.530(3). However, that subsection of the statute applies to officers compensated from fees, or partly from fees and partly by salary. It is not applicable here.
"In the case of county officers elected by popular vote ... the compensation of the officer shall not be changed during the term but the compensation of his deputies or assistants may be reviewed and adjusted by the fiscal court not later than the first Monday in May of any successive year upon the written request of the officer. " KRS 64.530(4) (emphasis added). The statute clearly states that the authority to set and adjust the compensation of the deputies to an elected officer (in this case, the jailer) resides with the Fiscal Court.
Appellant's complaint asserts a claim under KRS 337.385 for their earned but unpaid wages from the Fiscal Court. The Kentucky Wage and Hour Act only imposes liability when an employer "pays any employee less than wages and overtime compensation to which such employee is entitled[.]" KRS 337.385(1). The statute makes it unlawful for the employer to withhold "any part of the wage agreed upon. " KRS 337.060(1) (emphasis added). The Fiscal Court never agreed to the claimed wages.
In this case, the Fiscal Court expressly declined the recommended increase in the deputy jailers' wages, which it was permitted to do according to KRS 64.530(4) ; the Jailer is not vested with authority to override the authority of the Fiscal Court. Appellants have received all the pay to which they are entitled. Accordingly, there is no claim in Appellants' complaint that would survive a motion pursuant to CR 12.02 because wages promised by the Jailer are not recoverable under the Kentucky Wage and Hour Act.
For the foregoing reasons, we affirm the Scott Circuit Court's October 25, 2016 order granting the Scott County Fiscal Court's motion to dismiss Appellants' complaint for failing to state a claim under the Kentucky Wage and Hour Act, KRS 377.010 et seq.
ALL CONCUR.

Kentucky Revised Statutes.

Opinion of the Attorney General of Kentucky.