RENDERED: MAY 21, 2021; 10:00 A.M.
TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2020-CA-0629-MR

LEGISLATIVE RESEARCH COMMISSION             APPELLANT

v.          APPEAL FROM FRANKLIN CIRCUIT COURT
HONORABLE PHILLIP J. SHEPHERD, JUDGE
ACTION NO. 19-CI-00116

DAVID LEIGHTTY                              APPELLEE

OPINION
AFFIRMING

** ** ** ** **

BEFORE: CALDWELL, COMBS, AND L. THOMPSON, JUDGES.

THOMPSON, L., JUDGE: The Legislative Research Commission ("Appellant" or

"LRC") appeals from an order of the Franklin Circuit Court entered on April 6,

2020, denying its motion to dismiss an action filed by David Leightty

("Appellee"). Appellant argues that the Franklin Circuit Court erred in failing to

conclude that legislative immunity shields the disclosure of records requested by

Appellee, that legislative immunity was not waived as to the requested records, and that the General Assembly's policy regarding a member's telephone and electronic mail records is a nonjusticiable political question. For the reasons addressed below, we find no error and affirm the order on appeal.

## FACTS AND PROCEDURAL HISTORY

On April 2, 2018, Appellee made an open records request with former LRC director David Byerman in which he sought: 1) all records of messages left for Representative Jason Nemes through the Legislative Message Line (1-800-372-7181) from January 2, 2018, to the present; and 2) all records of messages left for Representative Jason Nemes through his "Email Your Legislator" and "Legislative In-Box" web pages for the same dates. Within three business days, LRC General Counsel Greg Woosley informed Appellee that the requested messages were confidential and privileged communications pertaining to the business of the General Assembly and were protected from disclosure by various provisions of Kentucky Revised Statutes ("KRS") Chapters 7 and 61, as well as Kentucky Constitution Section 43.

Appellee then filed the instant action in Franklin Circuit Court on February 1, 2019, in which he sought a judicial declaration that Appellant's response violated the Kentucky Open Records Act.[1] Prior to answering the

---

[1] KRS 61.870, *et seq.*

complaint, and pursuant to Kentucky Rules of Civil Procedure ("CR") 12.02(a), (b), and (e), Appellant filed a motion to dismiss the complaint for lack of subject matter jurisdiction and lack of personal jurisdiction due to insufficient service of process. On the issue of subject matter jurisdiction, Appellant argued that Appellee was required to submit a "request for review" directed to the LRC, without which the circuit court was without subject matter jurisdiction to hear a requester's claim. Appellant also asserted a general claim of legislative immunity. On the question of personal jurisdiction, Appellant asserted that it was improperly served. It noted that Appellee served the complaint on President of the Senate and Co-Chair of the LRC, Senator Robert Stivers, via certified mail. Further, a person identified as Brian Howard signed the receipt, and Appellant stated that this person was not associated with the LRC.

The matter proceeded in Franklin Circuit Court, whereupon the circuit court entered an order on April 6, 2020, denying the motion to dismiss. In support of the order, the circuit court found that the applicable statutes do not require a request for review before a party may commence an action in a circuit court. As to Appellant's argument that the circuit court lacked subject matter jurisdiction, the circuit court determined that the requested information, *i.e.*, messages from constituents and other parties to a member of the General Assembly, does not involve any legislative act implicating legislative immunity. Finally, as to the

-3-

claim that the circuit court lacked personal jurisdiction due to improper service of process, the court determined that even if service were initially improper, a subsequent re-issuance of the summons could easily remedy the problem as no prejudice resulted and Appellee was yet to file an answer.  In addition, it found that Kentucky courts have routinely held that defective service issued in good faith may be sufficient to commence an action.  Ultimately, the Franklin Circuit Court denied Appellant's motion to dismiss, and this appeal followed.[2]

## ARGUMENTS AND ANALYSIS

Appellant argues that the Franklin Circuit Court erred in failing to conclude that legislative immunity applies to shield the disclosure of the requested records.  After directing our attention to provisions of the United States Constitution and Kentucky Constitution granting a privilege for debate or speech in either House,[3] Appellant asserts that the requested records directly relate to the legislative process and are thus shielded by legislative immunity.  Appellant argues that the telephonic and electronic messages communicated by constituents and the general public to state legislators are relied upon by those members when they

---

[2] The order on appeal is not designated as final and appealable.  As a general rule, the denial of a motion to dismiss is not appealable.  *Halle v. Banner Industries of N.E., Inc.*, 453 S.W.3d 179, 184 (Ky. App. 2014).  The denial of a motion to dismiss based on immunity, however, is an exception to the general rule and is immediately appealable.  *Breathitt County Bd. of Educ. v. Prater*, 292 S.W.3d 883, 887 (Ky. 2009) ("an order denying a substantial claim of absolute immunity is immediately appealable even in the absence of a final judgment.").

[3] U.S. CONST. art. I, § 6, cl. 1, and KY. CONST. § 43.

-4-

propose, debate, and ultimately vote upon legislation. These communications, it argues, are related to core legislative functions of speech, debate, and legislative enactment, and are directly tied to the legislative process; therefore, they are privileged and immune from disclosure. Appellant argues that such communications could be used to improperly question why a member of the General Assembly chose to take or not to take a particular official act. Appellant also asserts that the privilege was not waived. Finally, Appellant maintains that the General Assembly's policy regarding a member's telephone and electronic mail records is a nonjusticiable political question. Believing that a legislative political question is not subject to judicial review, Appellant argues that the Franklin Circuit Court lacked subject matter jurisdiction to consider the claims raised by the Appellee. In sum, Appellant seeks an opinion reversing the ruling of the Franklin Circuit Court as to legislative immunity and subject matter jurisdiction and remanding the matter with directions to dismiss Appellee's complaint.

The United States Constitution, Article 1, Section 6, and the Kentucky Constitution, Section 43, grant legislative immunity protecting legislators from liability for actions related to legislative acts. "State and federal legislators are generally immune from civil or criminal actions for acts committed or statements made in their official capacities." *Wiggins v. Stuart*, 671 S.W.2d 262, 264 (Ky. App. 1984). This immunity applies not only to speech and debate, "but also to

-5-

voting, reporting and every official act in the execution of legislative duties while in session." *Kraus v. Kentucky State Senate*, 872 S.W.2d 433, 440 (Ky. 1993) (citing *Wiggins*, *supra*). This immunity covers matters which are integral to the deliberative and communicative processes with respect to both the consideration and passage of legislation as well as other constitutional acts within the jurisdiction of the legislature. *Gravel v. United States*, 408 U.S. 606, 625, 92 S. Ct. 2614, 2627, 33 L. Ed. 2d 583 (1972). The protections of legislative immunity are well-established and are inculcated into the common law of the United States and the Commonwealth, *Baker v. Fletcher*, 204 S.W.3d 589, 593 (Ky. 2006), and are to be liberally construed. *Tenney v. Brandhove*, 341 U.S. 367, 71 S. Ct. 783, 95 L. Ed. 1019 (1951).

The first question for our consideration is whether the requested records, *i.e.*, messages from third parties maintained on the Legislative Message Line and Email Your Legislator services, constitute legislative acts, or are otherwise reasonably characterized as official acts protected by the broad scope of legislative immunity.[4] In considering this question, the Franklin Circuit Court was

---

[4] As noted below, the Franklin Circuit Court considered only the limited question of whether it had jurisdiction to consider Appellee's complaint. The circuit court did not examine the requested documents and expressly made no determination as to whether there were legitimate grounds to withhold the records from public disclosure. In like fashion, the scope of this appeal is limited to whether the Franklin Circuit Court properly denied Appellant's motion to dismiss. Nothing herein should be construed as addressing the ultimate question of whether there are legitimate grounds to withhold the records from public disclosure.

unable to identify any legislative act which was entitled to immunity. Having closely examined the record and the law, we find no error in that conclusion. Appellee did not request any records prepared by or communicated by Representative Nemes. Rather, Appellee sought records of communications made by third parties to Representative Nemes. As the circuit court properly so found, these messages are unconnected with the deliberative process of considering, passing, or rejecting legislation. *Gravel*, *supra*. These messages, presumably from constituents and other interested persons, were not generated by Representative Nemes, his staff, nor Appellant, and are not part of the legislative process for purposes of Appellant's motion to dismiss.

When considering a motion to dismiss, the pleadings should be "construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987) (citing *Ewell v. Central City*, 340 S.W.2d 479 (Ky. 1960)). On appeal, we must also take the allegations as true. *James v. Wilson*, 95 S.W.3d 875, 889 (Ky. App. 2002). A circuit court should not grant a motion to dismiss "unless it appears the [plaintiff] would not be entitled to relief under any set of facts which could be proved in support of his claim." *Mims v. Western-Southern Agency, Inc.*, 226 S.W.3d 833, 835 (Ky. App. 2007) (quoting *James*, 95 S.W.3d at 883-84). When construing the pleadings in a light most favorable to Appellee and taking all

allegations in the complaint as true, we conclude that the Franklin Circuit Court did not err in denying the motion to dismiss on this issue.

In a related argument, Appellant contends that the General Assembly did not waive immunity. It forwards this argument in response to Appellee's claim, as set out in his complaint and supportive pleadings, that the General Assembly waived legislative immunity. The General Assembly expressly provided for a right to judicial review of Appellant's denials of open records requests. *See Harilson v. Shepherd*, 585 S.W.3d 748, 759 (Ky. 2019) (reaffirming the Franklin Circuit Court's proper exercise of subject matter jurisdiction over open records requests). By establishing a mechanism for seeking open records and providing for judicial review of adverse decisions of Appellant, the General Assembly waived legislative immunity. We find no error in the Franklin Circuit Court's conclusion on this issue.

Lastly, Appellant argues that the General Assembly's policy regarding a member's telephone and electronic mail records is a nonjusticiable political question outside the jurisdiction of the circuit court. It asserts that although this issue was not addressed by the circuit court, it may be raised at any time because it is jurisdictional in nature. Appellant directs our attention to *Des Moines Register and Tribune Company v. Dwyer*, 542 N.W.2d 491 (Iowa 1996), wherein the Iowa Supreme Court considered a challenge by the Des Moines Register under the Iowa

open records law to the Iowa Senate's refusal to release records of telephone calls made by and to Iowa state senators. The Iowa high court determined that it was entirely the prerogative of the legislature to make, interpret, and enforce its own procedural rules as to telephonic records, and that such procedures were outside the scope of judicial review unless constitutional questions were implicated. *Id.* at 496. Appellant argues that as in *Dwyer*, the present case involves a request by Appellee for records of phone and electronic mail messages from members of the public to members of the Kentucky House of Representatives. Appellant asserts that in light of *Dwyer*, and as no constitutional question is presented, the decision to disclose or not to disclose the requested records is a nonjusticiable political question over which the Franklin Circuit Court has no jurisdiction. Accordingly, Appellant argues that the circuit court lacks subject matter jurisdiction to consider Appellee's complaint.

We do not find this argument persuasive for at least three reasons. First, *Dwyer* is an extra-jurisdictional case which has no precedential value in the Commonwealth. While one may argue that its reasoning is or is not persuasive in Kentucky courts, we are not bound by its holding. Second, the facts of *Dwyer* are distinguishable from those before us. Whereas in *Dwyer* the Des Moines Register requested records of phone calls made by Iowa state senators, in the matter before us the requested records do not implicate calls made by Representative Nemes.

Rather, Appellee requested records of calls made and messages left by third parties to electronic systems. Finally, as the matter is before us on appeal from the denial of a motion to dismiss, we must again construe the pleadings in a light most favorable to Appellee on this question and regard all allegations in the complaint as true. *Gall*, *supra.*

## CONCLUSION

In denying Appellant's motion to dismiss, the Franklin Circuit Court expressly held that its decision was a narrow one addressing only the question of whether the circuit court had jurisdiction to consider the claims raised by Appellee. The circuit court did not examine the requested documents and made no determination as to whether there were legitimate grounds to withhold those records from public disclosure.

In similar fashion, we have considered the sole question of whether the Franklin Circuit Court properly denied Appellant's motion to dismiss. Having closely examined the record and the law, we conclude that for the limited purpose of Appellant's motion to dismiss, legislative immunity does not deprive the Franklin Circuit Court of jurisdiction to consider Appellee's complaint. Finally, we do not believe that the General Assembly's policy regarding a member's telephone and electronic mail records is a nonjusticiable political question outside the jurisdiction of the circuit court. We make no determination as to whether there

may be legitimate grounds to withhold the requested records outside the context of a "motion dismiss." We affirm the order of the Franklin Circuit Court denying Appellant's motion to dismiss.

ALL CONCUR.

BRIEFS AND ORAL ARGUMENT
FOR APPELLANT:

Gregory A. Woosley
Frankfort, Kentucky

BRIEF AND ORAL ARGUMENT
FOR APPELLEE:

Benjamin S. Basil
Louisville, Kentucky