RENDERED:  SEPTEMBER 6, 2024; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2023-CA-0406-MR

SHANNON L. HILL                                                          APPELLANT

v.
APPEAL FROM CAMPBELL CIRCUIT COURT
HONORABLE MARY K. MOLLOY, SPECIAL JUDGE
ACTION NO. 19-CI-00536

KENTUCKY TAX BILL SERVICING,
INC.                                                                        APPELLEE

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE:  ACREE, CETRULO, AND TAYLOR, JUDGES.

ACREE, JUDGE:  Appellant, Shannon Hill, appeals from the Campbell Circuit
Court's November 4, 2021 order dismissing her cross-claim against Appellee,
Kentucky Tax Bill Servicing, Inc. (KTBS).  Hill argues the circuit court erred
when it dismissed her cross-claim seeking statutory penalties for KTBS's failure to
release a lien on Hill's real property.  We agree, and reverse.

On March 25, 2008, KTBS purchased a certificate of delinquency for taxes on real property titled in Hill's name. In 2015, KTBS filed suit in the Campbell Circuit Court to collect the amounts owed. KTBS obtained a default judgment against Hill and filed a notice of judgment lien with the Campbell County Clerk on May 6, 2016.

Hill and KTBS entered into a settlement agreement whereby Hill agreed to pay $10,000 in two $5,000 installments to satisfy the certificate of delinquency and judgment lien. Hill paid the second and final installment on May 19, 2017. KTBS acknowledged payment in full by way of a signed and witnessed release that day, May 19, 2017. Though KRS[1] 382.365(1) requires lienholders to release a lien within thirty days from the date of satisfaction, KTBS did not do so.

On June 19, 2019, U.S. Bank filed the underlying lawsuit against Hill and others because Hill had defaulted on a promissory note. As U.S. Bank's complaint states, KTBS was named as a defendant because U.S. Bank believed KTBS may have an interest in Hill's property based on the judgment lien that was still attached to Hill's property. U.S. Bank attempted to serve its complaint by certified mail upon Mary Beth Perry, KTBS's registered agent. Instead, the receptionist for law firm Bilz & Associates, PSC, accepted the complaint. Bilz &

---

[1] Kentucky Revised Statutes.

Associates and KTBS occupy neighboring suites in the same office building and the firm has been KTBS's counsel for some time. However, the receptionist was not an agent of KTBS. On December 9, 2019, KTBS released the lien.

Hill filed her cross-claim on January 7, 2020. Therein, Hill alleged KTBS failed to release the lien as required and that this failure entitled Hill to per diem penalties under KRS 382.365. Hill filed a motion for summary judgment on her cross-claim and KTBS filed a motion to dismiss. The circuit court granted KTBS's motion and denied Hill's. The circuit court determined Hill's claim failed as a matter of law because she had not strictly complied with KRS 382.365(4). The circuit court denied Hill's subsequent motion to amend, vacate, or set aside the dismissal, and Hill now appeals.

A trial court may only dismiss for failure to state a claim for which relief can be granted under CR[2] 12.02(f) if "it appears the pleading party would not be entitled to relief under any set of facts which could be proved in support of his claim." *Pari-Mutuel Clerks' Union of Kentucky, Local 541, SEIU, AFL-CIO v. Kentucky Jockey Club*, 551 S.W.2d 801, 803 (Ky. 1977). When considering motions under CR 12.02, "the pleadings should be liberally construed in a light most favorable to the plaintiff and all allegations taken in the complaint to be true." *Gall v. Scroggy*, 725 S.W.2d 867, 869 (Ky. App. 1987) (citing *Ewell v. Central*

---

[2] Kentucky Rules of Civil Procedure.

*City*, 340 S.W.2d 479 (Ky. 1960)).  The trial court is, therefore, not required to make findings of fact, leaving only questions of law to resolve.  *Brown-Forman Corp. v. Miller*, 528 S.W.3d 886, 889 (Ky. 2017) (quoting *Fox v. Grayson*, 317 S.W.3d 1, 7 (Ky. 2010)).  We review questions of law *de novo*, affording no deference to the trial court's interpretation.  *Cinelli v. Ward*, 997 S.W.2d 474, 476 (Ky. App. 1998) (citing *Louisville Edible Oil Prods., Inc. v. Revenue Cabinet Commonwealth of Kentucky*, 957 S.W.2d 272 (Ky. App. 1997)).

If the third-party purchaser of delinquent taxes fails to release the corresponding lien within thirty days after full payment has been made, "the person making the payment shall have all of the remedies provided in KRS 382.365." KRS 134.127(3)(d).  KRS 382.365 provides for per diem penalties should the lien remain effective, but contains specific requirements as to how the third-party purchaser is to be notified as to its failure to release the lien:

> (4) Upon proof to the court of the lien being satisfied by payment in full to the final lienholder or final assignee, the court shall enter a judgment noting the identity of the final lienholder or final assignee and authorizing and directing the master commissioner of the court to execute and file with the county clerk the requisite release or assignments or both, as appropriate.  The judgment shall be with costs including a reasonable attorney's fee.  If the court finds that the lienholder received written notice of its failure to release and lacked good cause for not releasing the lien, the lienholder shall be liable to the owner of the real property or to a party with an interest in the real property in the amount of one hundred dollars ($100) per day for each day, beginning on the fifteenth day after receipt of

the written notice, of the violation for which good cause did not exist. This written notice shall be properly addressed and sent by certified mail or delivered in person to the final lienholder or final assignee as follows:

(a) For a corporation, to an officer at the lienholder's principal address or to an agent for process located in Kentucky; however, if the corporation is a foreign corporation and has not appointed an agent for process in Kentucky, then to the agent for process in the state of domicile of the corporation[.]

KRS 382.365(4)(a). Per diem penalties are increased if the lienholder continues to fail to release the lien without good cause after forty-five days. KRS 382.365(5).

The circuit court relied upon *Bratton v. CitiFinancial*, 415 S.W.3d 625 (2013), for the proposition that strict compliance with KRS 382.365(4)'s written notice requirements is required; it determined Hill had not strictly complied. In *Bratton*, the Brattons intended to sell one parcel of real estate to the Brookses but inadvertently executed a deed conveying three parcels to the Brookses. 415 S.W.3d at 626-27. CitiFinancial gave the Brookses a mortgage to finance the purchase, and the mortgage described all three parcels. *Id*. at 627. It took over a year for Citi to release the mortgage on the other two parcels. *Id*.

The Brattons filed suit, alleging violation of KRS 382.365. *Id*. Citi filed a motion for summary judgment, arguing KRS 382.365 only applies to satisfied mortgages and not to mortgages filed erroneously. *Id*. Citi also argued the Brattons could not rely on the statute because they had not provided written

notice by certified mail or hand delivery to Citi's principal address or to an agent for process. *Id.* The circuit court denied the motion and subsequently granted summary judgment in favor of the Brattons. *Id.* A panel of this Court reversed, determining "the notice requirements in KRS 382.365 are mandatory, and the Brattons' failure to comply with those requirements was fatal to their claim." *Id.* at 628.

The Supreme Court of Kentucky affirmed this Court, but for different reasons: it determined KRS 382.365 only applies to the failure to release a satisfied lien and not to liens erroneously filed. *Id.* at 630. Rejecting the Brattons' insistence that the Supreme Court read the statute to include erroneously filed liens as well as satisfied liens, it noted that "'[i]t is a primary rule of statutory construction that the enumeration of particular things excludes ideas of something else not mentioned.'" *Id.*

Therefore, because *Bratton*'s holding relates to mistakenly filed liens only, Hill is correct that the circuit court's reliance on *Bratton* is misplaced.

No published opinion addresses the issue directly. *But see PNC Bank, Nat'l Ass'n v. Riley*, No. 2021-CA-0169-MR, 2021 WL 5751651, at *4 (Ky. App. Dec. 3, 2021) (PNC confirmed receipt; circuit court did not err in concluding as matter of law that PNC had received actual notice). Here, U.S. Bank's complaint in the underlying lawsuit constitutes written notice as contemplated by KRS

382.365(4)(a). As applicable to this case, the statute requires exactly this: that properly addressed written notice be sent by certified mail to an officer at the final lienholder's principal address or to an agent for process located in Kentucky. This is what occurred. U.S. Bank's complaint was served – or attempted to be served – via certified mail upon KTBS's registered agent. The complaint plainly states KTBS may have an interest in the lawsuit due to the lien. Because the statute requires that written notice be *sent*, it matters not that the receptionist for the law firm which has KTBS as a client and whose office is immediately adjacent to KTBS in the same office building intercepted and signed for the certified mail.

Of course, the statute also requires the lienholder to have received the written notice. As in our prior unpublished opinion, *Riley*, *supra*, there is evidence of record demonstrating this occurred. KTBS took action in response to U.S. Bank's suit, filing an answer to Hill's cross-claim and a motion to dismiss.

KTBS argues that U.S. Bank's complaint is not the sort of notice that the statute contemplates; it argues that '[n]othing in the statute suggests that a complaint, filed by a third-party, against the allegedly aggrieved home owner, is sufficient notice." KTBS Brief at 4. However, examination of the statute reveals it is not as restrictive as KTBS argues. The statute requires the written notice be properly addressed and sent by certified mail or delivered in person to either an officer at the lienholder's principal address or to the lienholder's agent for service

-7-

of process, as well as receipt of the written notice. *See* KRS 382.365(4)(a). Nowhere does the statute require that the person who owns the property subject to a lien be the one to send the written notice themselves.

The circuit court, therefore, erred in granting KTBS's motion to dismiss for failure of compliance with KRS 382.365(4)(a)'s written notice requirement. Additional questions pertinent to the statute must be resolved on remand, including at what point KTBS received the U.S. Bank complaint, whether the lien was released fifteen or more days after receipt of the complaint and, if so, whether KTBS had good cause for its delay.

However, none of the other documents that Hill argues constitute written notice satisfy the statute because they did not provide KTBS with notice of its failure to release the lien. Neither of Hill's installment checks qualify because KRS 382.365(1) provides the lienholder thirty days from the date of satisfaction to release the lien. The final installment check could not have been notice of a failure to release a lien that KTBS had thirty days to release. Hill also points to KTBS's signed and witnessed acknowledgment of release dated May 15, 2017, as a candidate. However, the fact of this acknowledgment says nothing about the failure to release the lien. Instead, it reflects KTBS's belief that it had done so.

The U.S. Bank complaint plainly notified KTBS that it failed to release the lien on Hill's property after she completed her payments. The

-8-

complaint fulfills the written notice requirement under KRS 382.365(4)(a).  For that reason, the circuit court erred and we must reverse.  We remand this matter to the Campbell Circuit Court for proceedings consistent with this opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:

Robert E. Blau
Cold Spring, Kentucky

BRIEF FOR APPELLEE:

Steven A. Taylor
Ft. Mitchell, Kentucky